## THE STATE v. CLARK.

1. **Criminal Law:** INDICTMENT: FORMER CONVICTION. A verdict of guilty upon a former indictment, where there was no judgment on the verdict, but where the court virtually set the verdict aside by sustaining a motion in arrest of judgment, and also set the indictment aside, was not such a former conviction as to bar a prosecution upon a new indictment for the same offense, under § 4364 of the Code.

2. ———: CONTINUANCE: ABSENT WITNESS: USELESS TESTIMONY. A continuance asked by the defendant for the purpose of procuring the attendance of an absent witness should not be granted, where the facts sought to be proved by him are immaterial to the real question of defendant's guilt. See opinion for example.

3. ———: MAIMING: INTENTION TO INJURE. One who bites off another's ear intentionally is guilty of maiming him, even if his purpose is merely to injure him rather that to disfigure him.

*Appeal from Howard District Court.*

FRIDAY, JUNE 18.

THE defendant was indicted for an assault with intent to disfigure one Daniel Barnes by biting off his ear. There was a verdict of guilty, and judgment was rendered on the verdict. The defendant appeals.

*Charles P. Brown*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

ADAMS, CH. J.—I. The defendant pleaded certain facts as a former adjudication. The state demurred to the plea, and the demurrer was sustained. The defendant assigns the ruling as error. The plea showed that defendant had been tried upon an indictment in which it was charged that he assaulted one Daniel Barnes, and bit off the ear of said Barnes; that he was found guilty of the crime of disfiguring; but, upon motion for a new trial and in arrest of judgment, the motion

<span>1. CRIMINAL law: indictment: former conviction.</span>

The State v. Clark.

in arrest was sustained, and the indictment was set aside. The defendant contends that there was a conviction for the same offense with which he is now charged. His position is that a verdict of guilty without judgment must be deemed to constitute a conviction; and especially where, as in this case, it does not appear that the verdict was set aside. In our opinion, the court, in sustaining the motion to arrest judgment, virtually set aside the verdict, and we are unable to conclude that, under our statute, what was done should be held to constitute a bar to another prosecution. The provision of our statute is section 4364 of the Code, and is in these words: "A conviction or acquittal by a judgment upon a verdict shall bar another prosecution for the same offense," etc. There was not only no conviction by a judgment upon a verdict in the former trial, but there can be none. There may be some question as to whether the court should have set aside the former indictment. The defendant contends that the court should not. But we are not called upon to determine such question. The fact is that the court did set it aside, and this is not an appeal from its action. We think that the demurrer to the plea of former adjudication was properly sustained.

II. The defendant moved for a continuance on account of the absence of certain witnesses. He does not deny that he bit off Barnes' ear, but he claims that he did so in a quarrel provoked by Barnes, and in a state of great excitement, and that what he did was not done with an intent to disfigure Barnes. In support of his motion for a continuance, he filed his own affidavit to the effect that he could prove by the witnesses in question that Barnes provoked the quarrel, and that what the defendant did he did in a state of great excitement. The evidence shows beyond question that the defendant and Barnes had a bitter quarrel; that they struck each other, and afterwards clinched, each having his arms around the head or neck of the other. That the defendant was in a state of great excite-

ment there can be no doubt, and the testimony of the wit-
nesses in question to that effect could not have added any-
thing to the certainty.  As to which was the more aggressive
and provoking in bringing on the quarrel the evidence may
not be so clear; but, if the fact were conceded that Barnes
was, we do not think it would have any tendency to show
that the defendant did not intend the natural consequence of
his act.  It may be that his principal desire was to punish
Barnes by inflicting pain; but, if he intended to bite off his
ear, he intended to disfigure him, because the loss of an ear
is necessarily a disfigurement.  The fact that Barnes pro-
voked the quarrel, if such was a fact, and that the defendant
acted in the heat of passion, doubtless tended to account for
the defendant's unusual and severe mode of fighting; but,
instead of showing that he did not intend to bite off Barnes'
ear, it appears to us that it would rather tend to show that
he did.  We do not say that he was morally as culpable as
he would have been if he had bitten off Barnes' ear coolly
and without provocation, but that is not the question.  We
think the motion for a continuance was properly overruled.

III.  The defendant asked an instruction in these words:
" If you find from the evidence that the defendant and pro-
secuting witness were engaged in a fight, and
defendant bit off an ear of said witness without
an intent to disfigure him, but only to injure him,
then defendant would not be guilty of the crime charged."
The court refused to give this instruction, and we think
rightly.  It is not suggested that the defendant did not intend
to bite off Barnes' ear.  If he had intended to merely bite
Barnes' ear, and in the struggle the act of biting off the ear
had been accidental, and not voluntary, the case would be
different.  But, regarding the biting off of the ear as inten-
tional, as the evidence tends to show, and as is not denied,
we do not think that the jury could properly have found
that the intent was merely to injure, and not disfigure.  No
one would claim that a person could cut off another person's

3. ——:
maiming: in-
tention to in-
jure.

head or limb with an intent to injure merely, and not to disfigure.

Some other questions are discussed, but, under the views which we have expressed, they are virtually disposed of.

We see no error in the case.

AFFIRMED.