### THE STATE v. DOW.

**Criminal Law** : ELECTION BY STATE TO RELY ON DIFFERENT ACTS ON SUCCESSIVE TRIALS. Where upon prior trials the state has elected to rely for conviction on one of two or more acts which the evidence tended to prove, it may, on a subsequent trial,—the verdicts of conviction having been set aside and new trials awarded,—elect to rely for conviction upon evidence tending to prove another act different from the act found by the prior verdicts ; and this is not permitting the state to prove an offense other than that for which the defendant was before tried, but only to prove the same offense by other evidence. So *held*, in a prosecution for the unlawful sale of intoxicating liquors, where the evidence tended to prove several sales, each of which would have supported a verdict of guilty, and the state, on the last trial, elected to rely on the evidence establishing a sale different from the one relied on in the former trials.

*Appeal from Mahaska District Court.*—Hon. D. Ryan, Judge.

Filed, March 10, 1888.

Defendant was convicted of the crime of selling intoxicating liquors contrary to the statute, and he now appeals to this court.

*John F. Lacey* and *Bolton & McCoy*, for appellant.

*A. J. Baker*, Attorney General, for the State.

Beck, J.—I. The prosecution was commenced upon an information before a justice of the peace, where defendant was convicted. Upon an appeal to the district court, a verdict of guilty was rendered, which was set aside, and a new trial was granted. A second verdict of guilty was also set aside, and another trial had, which resulted in a third verdict of guilty. Before or pending the last trial in the district court, the defendant amended his plea, setting up that he had been acquitted at the prior trial by the act of the court, in withdrawing from the jury the consideration of certain evidence which tended to show an offense other than the one for which he was convicted, and that he was, therefore, put upon trial for another and different offense than the one to which the law required him to answer. At the last trial the evidence tended to show two direct unlawful sales. The state was required to elect the sale for which it would ask conviction, and, having done so, the court directed the jury not to consider the evidence tending to show the other sale; that evidence having been withdrawn from the jury. The sale upon which the state relied for conviction at the last trial was not the one for which conviction was had at the former trials, but another. The question for our decision is this: Where upon prior trials the state elected to rely for conviction upon one of two or more acts, which the evidence tended to prove, may the state, in a subsequent trial,— the verdicts of conviction having been set aside and new

trials awarded,—elect to rely for conviction upon evidence tending to prove another act different from the act found by the prior verdicts ?

II.  It is a matter of common occurrence that an information or indictment may be supported by evidence of more than one criminal act, either of which would justify a verdict of guilty.  This results from the fact that the law does not require the allegations of the indictment to so identify an offense that it may not be established by proofs applicable to different acts.  This results from the fact that time and some other things need not be proved as laid in the indictment. It, therefore, sometimes occurs that the evidence upon the trial tends to show distinct and different offenses.  In such a case the courts will not permit the accused to be tried for all the offenses which the evidence tends to prove, and the jury to select one or more of the offenses upon which to base their verdict, but will require the state to elect for which offense a verdict will be asked.  All evidence tending to show other offenses will be withdrawn from the jury, who will be instructed,—as they were in the case before us,—to confine their consideration to the offense named by the state, and to the evidence in its support.  It will be understood that the accused was tried for but one offense.  The indictment charges but one.  The state did not elect the offense for which the accused was tried, but it did elect the evidence upon which it relied for conviction.  Nor did the proof submitted upon the indictment make the case ; the case was designated by the indictment.  The election of the evidence relied upon did not change the case.  There was but one case.  But the election related to the evidence, and selected that part upon which reliance for conviction was based.  In the case before us, at the different trials, different evidence was designated by the election of the state's attorney.  The same case was before the court at each trial.  Counsel for defendant, therefore, incorrectly claim that by the change of election by the state a case was tried other than the one before tried. It was simply a change of evidence.  It will hardly be

claimed that upon a new trial of a criminal case the state is restricted to the evidence given at the former trial. The law contemplates nothing of the kind.

III.    On an appeal from a justice of the peace by one convicted of an offense, the case stands "for trial anew in the district court in the same manner it should have been tried before the justice." And Code, section 4487, provides, in relation to proceedings in the district court, that "a new trial is a reëxamination of the issue in the same court, before another jury, after verdict had been given." The Code, section 4488, provides that "the granting of a new trial places the parties in the same position as if no trial had been had. All the testimony must be produced anew. * * *" These provisions are expressly applicable to proceedings in criminal cases. The new trial, or trial on appeal, is conducted as the first or original trial as to all proceedings and the admission of evidence. The prior trial stands for naught. The accused cannot claim that he was therein convicted or acquitted or put in peril. The new trial must conform to the requirements of the law, which we have seen authorizes the election by the state of the evidence upon which a conviction is asked ; and it will be understood that the state cannot be restricted as to any evidence which tends to support the indictment. It follows that the evidence of the different acts was rightly admitted by the district court, and the state was rightly permitted to elect for which sale proved to the jury it claimed the conviction of defendant.

IV.    Counsel for defendant cite *State v. Van Haltschuherr*, 72 Iowa, 541. It has no application to this case. It holds that a defendant cannot be tried on more than one count when all charge an offense in the same language.

AFFIRMED.