STATE OF IOWA v. J. A. BOWMAN, Appellant.

**Criminal Practice.** Setting aside a verdict as being contrary to the
1   evidence, by a ruling on a motion in arrest of judgment, is no bar
to a subsequent trial on the same indictment. *State v. Tatman,*
59 Iowa, 472, *distinguished.*

SAME: INSTRUCTIONS. On trial for uttering, the evidence of the State
2   showed that but one paper, a contract not in evidence, was signed
and that it was dissimilar to the note charged to be uttered.
One of the defenses tended to show that both the contract
3   and the note were signed. *Held,* that an instruction submitting a
fraudulent altering of the contract into the note was not war-
ranted by the evidence.

*Appeal from Wright District Court.*—HON. D. R. HIND-
MAN, Judge.

FRIDAY, APRIL 5, 1895.

The defendant was convicted of the crime of utter-
ing and publishing as true a false and forged instru-
ment in writing, knowing the same to be false and
forged, and was adjudged to be imprisoned in the peni-
tentiary for the term of two years. From that judg-
ment he appeals.—*Reversed.*

*C. M. Nagle* for appellant.

*Milton Remley,* attorney general, and *Thomas A.
Cheshire* for the state.

Robinson, J.—In February, 1893, John C. Bode
was a farmer of Wright county, and the defendant was
acting as agent of the Farmers' Supply Company of
Algona. In the month named, the defendant visited
Bode at his place of residence, for the alleged purpose
of having him act as the agent of the company in the

sale of machinery and wire fencing. After some time spent in discussing the matter, an agreement was reached, and some kind of an instrument in writing was signed. The state claims that but one instrument was signed, and that it was a contract of agency. The defendant admits the signing of such an instrument, and claims that, as part of the transaction, Bode made his promissory note to the company for the sum of one hundred and twenty-five dollars, payable one year after its date. He indorsed in the name of the payee, and sold to the Citizens' State Bank of Goldfield, the note which he claims that Bode made at the time stated. That is the instrument which is alleged to be false and forged.

I. The defendant was first tried for the offense of which he was charged in September, 1893, and was found guilty by the jury. Thereupon he filed a motion in arrest of judgment, on the following grounds:

1    That there was no competent evidence of the existence of the Citizens' State Bank of Goldfield; that there was no competent evidence of its corporate existence; that there was no evidence of a transfer or sale to that corporation, of the note; and that the evidence was not sufficient to show that the note was uttered and passed with intent to defraud the bank. The motion was sustained, and an entry of record was made as follows: "This cause coming on for hearing on defendant's motion to set aside the verdict and for a new trial, and the court, being fully advised, sustains said motion, and the state excepts." In November the defendant asked the court by motion, to correct the record entry by striking therefrom the words "to set aside the verdict and for a new trial," and in lieu thereof insert the words "in arrest of judgment." The motion was overruled and the defendant then pleaded the first trial and verdict; that no judgment was

rendered thereon, but that he has been placed in jeopardy once by the first trial; that the trial had was a bar to further proceedings; and that he could not be again tried for the offense charged. A demurrer to the plea was sustained, and of that ruling the defendant complains. We think it was correct. Section 12 of article 1 of the constitution provides that "no person shall, after acquittal, be tried for the same offense." But the defendant was not acquitted at the first trial. The motion which the court sustained, although nominally in arrest of judgment, was in fact based upon a statutory ground for a new trial,—that is, that the verdict was contrary to the evidence; and the court gave to the motion the effect of a motion for a new trial, and in sustaining it the verdict was set aside. In *State v. Clark*, 69 Iowa, 196, the defendant relied upon a plea of former adjudication. It appeared that he had been indicted twice for the same offense. He was tried under the first indictment and found guilty, and a motion in arrest of judgment was sustained, and the indictment was set aside. When tried under the second indictment, he pleaded the first trial and verdict, and contended that he had been once convicted of the offense; that the verdict had not been set aside; and that what was done constituted a bar to a second prosecution. This court held that the sustaining a motion in arrest of judgment virtually set aside the verdict, and that another prosecution was not barred. Whether the indictment was properly set aside was questioned, but not decided. That the indictment in this case was good is not denied, and when the verdict was set aside on the application of the defendant, because not sustained by the evidence, there was no valid objection to placing him on trial a second time. We do not think the case of *State v. Tatman*, 59 Iowa, 472, cited by him, is authority for a different conclusion.

II. The defendant complains of a portion of the eighth paragraph of the charge to the jury, which is in words as follows: "If you find from the evidence in this case, beyond a reasonable doubt, that the said John C. Bode signed his name to a written or printed contract by which he agreed to act as the agent of the Farmers' Supply Company, and that thereafter the defendant or any other person, with intent to defraud and without the authority of the said John C. Bode, altered or changed said contract into the form of a note set out in the indictment, that has been introduced in evidence, and marked 'Exhibit A,' and that said Exhibit A is such changed or altered instrument, and that the defendant, knowing it to be so changed or altered, and with intent to defraud, sold and delivered it, as charged in the indictment, then the defendant is guilty of the crime charged in the indictment, and you should return a verdict of guilty. * * * " The objection to this portion of the charge, made by the defendant, is that it is not applicable to the evidence given on the trial, and we think the objection is well founded. The state contended on the trial not that the note set out in the indictment had formed a part of another instrument which had been altered, by detaching the note or otherwise, but that the signature affixed to the note was not that of Bode; that he signed but one instrument; and that it was a contract of agency. Bode testified that he signed a contract of agency; that the blank was filled up by the defendant, and was wider than the note; that it was signed by him in green ink; and that the defendant signed it also; that the writing was done with a fountain pen of the defendant; that the words "The Farmer's Supply Company" were printed just below the signature of the defendant; that the note in

question was not a part of the contract he signed; and that he did not sign the note. His wife testified that she was present when her husband signed the contract; that he signed but one paper; that the defendant also signed it; that she looked it over and saw that it was not a note; that the note in controversy was not the one signed by her husband. The defendant and one Crose, who was with him, but not interested in his business, testified that Bode signed two instruments,—one a contract of agency, which was also signed by the defendant, and the note in controversy. The contract signed was not produced, Bode claiming that it was taken away by the defendant, while the defendant claims that it was left with Bode. The blanks in the note in controversy were filled and the signature written with black ink. A blank contract was introduced in evidence, which the defendant states was identical in form with that signed by Bode and himself. The latter is not able to say that it is not. It acknowledges the receipt of one hundred and twenty-five dollars by the Farmers' Supply Company as the consideration of the agreement, and the paper on which it is made is somewhat wider than the note, and the name of the company is printed at the bottom. The note in controversy does not answer in any respect the description given by Bode of the instrument he signed, or any part of it. It purports to be signed by Bode only. The name "The Farmers' Supply Company" is not printed near the signature, ncr near any blank which could have been filled with a signature. All parts of the instrument, including the alleged signature of the maker, which were written with a pen, are in black ink, although Bode says his signature was written with a fountain pen which belonged to the defendant, and which was used in

filling the blanks, and that the ink was green. It therefore appears affirmatively that the instrument in controversy is not the contract which Bode says he signed, nor any part of it, and the portion of the charge quoted was not applicable to any evidence offered in the case. It was therefore improperly given. *State v. Archer*, 69 Iowa, 424; *State v. Meyer*, 69 Iowa, 148; *Johnson v. Miller*, 69 Iowa, 567; *White v. Spangler*, 68 Iowa, 224; *State v. Fraunburg*, 40 Iowa, 557. We cannot say that the error in giving it was without prejudice, as there was much evidence which tended to show that the signature appended to the note set out in the indictment was the genuine signature of Bode.

The conclusion reached makes the determination of other questions presented in argument unnecessary. For the error pointed out, the judgment of the district court is *reversed*.