JAMES VAN SCOY, Plaintiff, v. E. C. GRETTEN, Sheriff,
Defendant.

**HABEAS CORPUS:** Proceedings Reviewable—Collateral Attack on
Non-Void Judgment. The correctness of the rulings and judg-
ments of a court in a pending criminal action concerning which
it has full jurisdiction, both as to subject-matter and parties, will
not be reviewed on habeas. corpus.

PRINCIPLE APPLIED: An accused, indicted for incest, was
put on trial. At the proper time, the State elected to rely on a
specified act of intercourse. Accused was convicted. A new trial
was granted. On the new trial, the State elected to rely on a
specified act of intercourse other and different from that relied
on at the first trial. The accused at once moved for a discharge,
on the ground that the procedure at the first trial worked the
effect of acquitting him of the very act relied on in the second
trial. The State, over objection, was then permitted to withdraw
its last election and replant itself on its old election. The jury
disagreed. The accused was remanded for retrial. Conceding,
*arguendo*, that the various rulings were erroneous, *held* that they
would not be reviewed on habeas corpus; (a) because to so do
would permit a collateral attack on a non-void judgment; (b)
because, on retrial, the error (conceding it to be such) might be
corrected by an acquittal; and (c) because, if convicted, full review
and correction were obtainable on appeal.

*Application for Writ of Habeas Corpus.*

THURSDAY, JUNE 29, 1916.

REHEARING DENIED THURSDAY, SEPTEMBER 21, 1916.

THE petitioner was indicted for incest. He was tried and
convicted, and on his motion obtained a new trial. He was
tried again, and the jury disagreed. It was discharged, and
the defendant, petitioner here, held for further trial. He has
not yet been tried. He brings this application to test the
legality of certain proceedings had during the two trials to
which he has been subjected.—*Dismissed.*

*G. A. Underwood, C. G. Lee and I. R. Meltzer,* for plaintiff.

*George Cosson,* Attorney General, *John Fletcher,* Assistant Attorney General, and *Fred E. Hansen,* County Attorney, for defendant.

SALINGER, J.—I. Proceeding somewhat more fully to a development of the premises for decision, the record discloses that, at the close of all the testimony on the first trial of the case, the court required the State to elect some one act of the several acts of intercourse as to which there was testimony, on which it would rely. The State did so, and made of record its intention to rely upon an act alleged to have been committed during the latter part of May, 1915. A verdict of guilty resulted, which was set aside. A new trial was ordered, on motion of the defendant.

HABEAS CORPUS: proceedings reviewable: collateral attack on non-void judgment.

At the new trial, and at the conclusion of the State's evidence, the county attorney, with the consent of the court, entered an election to rely upon an act claimed to have been committed on or about the 1st of May, 1915. Thereafter, the State rested its case, and such fact was entered of record. Whereupon, the defendant moved for a discharge, on the ground that the defendant had, at the former trial, been tried and put in jeopardy and acquitted of the act of the first of May, now being relied on. At this point the jury was retired, and the matter argued before the court. It is claimed that its views seemed to coincide with those of the defendant. Whereupon, the jury being recalled, the county attorney, by permission of court, sought to withdraw his last election, and stand on the election made on the first trial. This was permitted, over objection. On the second trial, there was a disagreement, the jury discharged, and defendant held for further trial.

2.

The essential claim of the petitioner is that an election by the State to proceed upon one act which the evidence tends to establish works an acquittal of all "the crimes" except the one act selected. The following are relied upon to sustain this proposition: *State v. Adams* (S. D.), 78 N. W. 353, involves that, after conviction and arrest of judgment on motion of the court, there may not be a trial on another indictment which merely changes the date of the alleged crime. *Hall.v. People* (Mich.), 5 N. W. 449, is that, though the indictment fails to set out all the constituents of the statutory offense intended to be charged, the accused is put in jeopardy. *People v. Taylor* (Mich.), 76 N. W. 158, holds that, though one put on trial is discharged on a motion raising a merely legal question, usually designated as technical, the discharge none the less constitutes a bar to a subsequent prosecution for the same offense, and the order of discharge cannot be vacated so as to remove the bar. *Williams v. Commonwealth*, 78 Ky. 93, involves an indictment charging grand larceny and the receiving of stolen goods, a plea of not guilty, and dismissal over objection after evidence had been heard. It is held that trial was barred under second indictment, which was like the first, except that the one charged that the property belonged to one Watson, while the last charged the owner to be Watson & Bough.

1 Bishop, New Criminal Law (8th Ed.), Section 1013, declares that, if jeopardy has once attached, even for a moment, then, if the prosecution is abandoned or postponed, or otherwise the proceeding so lapses that only by a new jeopardy can there be a conviction, the defendant may demand his discharge, and may not be brought into jeopardy a second time.

A note to *State v. McKee* (S. C.), 21 Am. Dec. 499, at 505, 506, collates the cases which hold that jeopardy begins

as soon as the jury is sworn, and which declare that arbitrary discharge after trial has been begun operates as an acquittal.

*State v. Callendine,* 8 Iowa 288, applies this rule to a dismissal, because the State found itself without a material witness, and holds that the dismissal of an indictment after trial begun, and for that reason, was a bar to a second prosecution.

*Commonwealth v. Clue,* 3 Rawle (Pa.) 498, and *Hilands v. Commonwealth,* 111 Pa. St. 1 (56 Am. Rep. 235), apply this rule to cases where, after the trial is begun, the jury is arbitrarily discharged, and *O'Brian v. Commonwealth,* 9 Bush (Ky.) 333 (15 Am. Rep. 715), applies it where there is an arbitrary substitution of one juror in the panel.

In *Murphy v. State* (Nebr.), 41 N. W. 792, an indictment had four counts for violations of the liquor law. Trial was begun, and, over objection, the State elected to proceed on the fourth count. The defendant was acquitted. Later, there was an attempt to prosecute him on the other three counts of the first indictment. It was held that a plea of former jeopardy was good; and this was done upon the authority of *State v. Schuchardt* (Neb.), 25 N. W. 722, in which it is held, in effect, that, after the trial of a criminal prosecution is begun, there cannot be a non-suit taken as in civil action—in effect, that to have proceeded upon the fourth count alone operated as a dismissal as to the other three counts, and that a dismissal, after jeopardy has attached, operates as an acquittal.

*State v. Lesh* (N. D.), 145 N. W., page 830, point 6, rules that, as to a continuing offense, an acquittal operates to bar every act which is part of such offense during the period covered by the first indictment. *State v. Sterrenberg,* 69 Iowa 544, is to the same effect, and *Elam v. State,* 25 Ala. 53, is that no second prosecution can be maintained for any act which the first indictment, in manifest effect, charges.

*State v. Smalley,* 50 Vt. 736, in its essence is a holding that different offenses may not be charged in the same indict-

ment, and that, if the indictment contains them, the State should be compelled, on the application of respondent, to elect on what counts to go to trial, and that such election is a practical abandonment of the rest of the indictment.

Clark's Criminal Procedure, page 135, is that, if *nolle prosequi* is entered after trial has begun, and the indictment is a sufficient one, it operates as an acquittal.

II.   It will be observed that the argument of plaintiff assumes that the election was the equivalent of an arbitrary discharge, so far as acts eliminated by the selection are concerned; that the election is equal to an abandonment of parts of the indictment, or the entry of a *nolle prosequi* as to such parts; and that, thereupon, authorities are adduced which demonstrate that, when there *is* an arbitrary discharge, abandonment, or a *nolle prosequi,* an acquittal is effectuated. It appears, also, that petitioner proceeds upon the theory that the election was irrevocable, and .that, though upon his own reasoning there could, therefore, not be a second election, yet if the court mistakenly permitted a second election, it could not validly correct that error, though the trial in which it was committed was not yet finished.

On the other hand, the State admits that, where one is charged with, say, murder, and there is a conviction for assault and battery, a verdict for that offense operates as an acquittal of everything above assault and battery.   It concedes that the Constitution prohibits trying one for an offense of which he has once been convicted or acquitted, and that the entry of a *nolle* as to one or more of divisible counts operates as an abandonment of those counts.   But it urges that this, though true, is irrelevant, and does not sustain the claim that a mere election to rely upon one of several acts which the testimony tends to establish operates either as an acquittal of anything or as an abandonment of any part of the indictment.   It presents that none of the acts committed are the offense, but are no more than evidence of the offense charged in the indictment.   It claims that 22 Cyc. 407, *State*

*v. King,* 117 Iowa 484, and *State v. Hurd,* 101 Iowa 391, hold that the purpose of an election, in cases where different transactions are developed by the evidence, is to enable the defendant to know the specific act that is relied on for his conviction, in order that he may properly meet the charge, and in order that the conviction shall not be a matter of choice between offenses. It urges that *State v. Dow,* 74 Iowa 141, makes the distinction plain, and demonstrates that an election of one of several acts, either of which may establish the charge in the indictment, is merely an election that certain evidence shall not be considered in that trial, and that, therefore, if a new trial be had, the election made in the first may be abandoned, and a new election made. In this connection, it is insisted that, where the defendant obtains a new trial, there is an entire re-examination of the evidence upon the charge; that, according to *State v. Bowman,* 94 Iowa 228, and 12 Cyc. 278, when one obtains a new trial, there is an estoppel to plead a former conviction as a bar to a new indictment; and that, under the provision of Code 5423, the granting of a new trial places the parties in the same position as if no trial had been had, and all the testimony must be produced anew; and that the former verdict may not be used or referred to, either in the evidence or the argument. We find, by examination of our own, that the Supreme Court of the United States held, in *Trono v. United States,* 199 U. S. 521, that:

"When at his own request he has obtained a new trial he must take the burden with the benefit, and go back for a new trial of the whole case."

Conflicting claims are made for the effect of *State v. Price,* 127 Iowa 301.

For reasons that will presently appear, we feel we should not pass upon these respective contentions.

III. An attack by habeas corpus is collateral, and cannot be sustained unless the judgment is void. *Turney v. Barr,* 75 Iowa 758. If the judge who makes an order has juris-

diction of the parties and the subject-matter, such order is, at most, voidable, and is not void, and cannot be set aside in a habeas corpus proceeding. *Shaw v. McHenry*, 52 Iowa 182; *Busse v. Barr*, 132 Iowa 463. Now the utmost that was done was to hold that what occurred has not worked an acquittal. If we assume, for the sake of the argument, that the court erred in taking that position, then we have, at the utmost, an erroneous ruling upon a plea of former acquittal. May we, on application for habeas corpus, entertain a complaint of that ruling? · If we do, what are we accomplishing by the writ, except to review the claim that such ruling was erroneous? How does that differ from entertaining the point in a case where there is no complication by the granting of new trials? Suppose one were tried, and the cause proceeded to final judgment. Suppose he were again indicted, and raised the point that the other trial barred the pending trial, because there had been in the first one either a conviction or · an acquittal. Suppose the court overruled this plea, and confessedly erred in doing so. Could the accused stop that trial and have his claim reviewed by us on an application such as this? Would we not respond that he might not be convicted, and never have occasion to trouble a higher tribunal; and that, if he were convicted, the point would then be available on appeal; that, on appeal, it would suffice to show the ruling was erroneous; but that to entertain the same point on habeas corpus would be to concede that, if the plea should have been sustained, declining to sustain it deprived the court of jurisdiction of the person and the parties? The authorities already referred to, and others, fully warrant us in declining to determine the questions presented, when presented by an application in habeas corpus. In fewer words, when an accused claims, on a new trial obtained by him, that what occurred on the first trial should operate as an acquittal, ruling against him is, if erroneous, no more than erroneous, and habeas corpus is not the remedy; because, at the conclusion of that or still another trial, the alleged wrong may cease to be injurious,

through acquittal, and if not, full review and correction may be had on appeal.

It is said in *In the Case of Yates*, 4 Johns. (N. Y.), 318, that the consequences and confusion resulting from having short cuts made in the Supreme Court by means of habeas corpus, instead of proceeding systematically in the correction of errors, are unthinkable. In *Commonwealth v. Deacon*, 8 Serg. & Rawle (Pa.), 72, the relators had been tried in the mayor's court for forgery, on an indictment containing sixteen counts. The jury found them not guilty on nine, and said nothing of the rest. The court, without entering any judgment on the verdict, committed the defendants to take their trial on the other seven counts.

On return to habeas corpus, it was moved to discharge the defendants, on the ground that an acquittal on the nine counts was an acquittal on the whole indictment. The court refused the motion, saying:

"It appears that Roosevelt and Eddy are in custody by order of the mayor's court, and that an indictment against them is still depending in that court. No judgment has been given on the verdict, nor do we know what judgment will be given. But we know that the mayor's court has jurisdiction over the offenses with which the prisoners are charged, and if they should give an erroneous judgment, remedy may be had by writ of error, which will bring the case properly before us. We are of opinion that it would be improper to discharge the prisoners under the present circumstances, and therefore they are remanded to the custody of the keeper of the prison."

In *Ex parte Robinson, Marshal*, 6 McLean (U. S.) 355, 365, a colored girl, passing through Ohio with an agent of her master, was liberated on habeas corpus, on the ground that she was free. Later, she was arrested, as a fugitive from labor, by the relator marshal, under a warrant issued by a United States commissioner. While the matter was pending before this commissioner, a judge of the state court issued

habeas corpus; and, upon hearing thereof, ordered the girl to be discharged immediately. Thereafter, she was seized by the marshal under the same commissioner's warrant, whereupon the court attached the marshal for contempt and committed him. To be relieved, he applied to and obtained from Mr. Justice McLean a writ of habeas corpus. On the hearing thereon, it is held to be a subversion of judicial power to take a case from a court having jurisdiction, before its final decision is given, and the court concluded its opinion as follows:

"That the commissioner had jurisdiction in the case is clear. While duly engaged in the investigation of the matter, the honorable judge of the Common Pleas, whose motives I by no means question, by a habeas corpus took from the custody of the marshal the body of the fugitive, which left the commissioner without a case. It wrested from him, without any authority of law, the subject of his jurisdiction. This, so far as I know, is without precedent. Had any commissioner or federal judge interposed, and by the same means disregarded and disturbed the jurisdiction of a state court, I should have felt not less concern than the eloquent counsel. A sense of duty compels me to say that the proceedings of the honorable judge were not only without the authority of the law, but against law, and that the proceedings are void, and I am bound to treat them as a nullity. The marshal is discharged from custody."

In *Wright v. State,* 5 Ind. 290, the jury had been improperly discharged before verdict, so that the defendant could not be subjected to another trial; yet the court refused to discharge him on habeas corpus, and said he must apply for relief to the court in which the indictment was pending.

The writ must be denied and the application dismissed, and petitioner remanded to the custody of defendant.—*Writ Annulled.*

EVANS, C. J., LADD and GAYNOR, JJ., concur.