FLOYD E. SMITH et al., Appellants, v. T. P. HOLLOWELL, Appellee.

No. 41803.

OCTOBER 17, 1933.

Myrtle Robinson, for appellants.

J. M. C. Hamilton, for appellee.

MITCHELL, J.—On January 14, 1932, the appellants were charged and presented by an information which was filed in the district court of Dubuque county, Iowa, charging the appellants with receiving and aiding in concealing stolen property in contravention of section 13042 of the Code of Iowa. On the 14th day of January, 1932, the appellants appeared in court with their attorney, and were arraigned on said information. The appellants, both of them, entered in open court a plea of guilty to the information charged. And the court at that time sentenced them to confinement for a period of five years at the Iowa State Penitentiary at Fort Madison, where they were confined at the time of the filing of this petition. On the 28th day of July, 1932, the appellants filed a petition for a writ of habeas corpus in the district court of Lee county. Thereafter the same was presented to the court, and the learned trial court made the following adverse order, to wit:

"Writ is disallowed for the reason that the petition is insufficient.

"Dated August 11, 1932.

"John M. Rankin, Judge."

As we view the matter, the only question before this court is whether or not the lower court was correct in disallowing the writ for the reason that the petition was insufficient.

Code, section 12468 (1931 Code), sets out what must be contained in a petition for a writ of habeas corpus. Turning to the petition which was filed in this case, we find that there has not been a compliance with the requirements set out in section 12468 of the Code; that the petition does not contain the following essential elements set forth in section 12468 of the 1931 Code, to wit:

"4. That the legality of the imprisonment has not already been adjudged upon a prior proceeding of the same character, to the best knowledge and belief of the applicant.

"5. Whether application for the writ has been before made to and refused by any court or judge, and if so, a copy of the petition in that case must be attached, with the reasons for the refusal, or satisfactory reasons given for the failure to do so."

It thus appears that there has been a total failure to comply with the above provisions of the statute. In filing a petition for a writ of habeas corpus, it must comply with the requirements of the statute, and, as this petition failed to comply with said statute, the lower court was correct in disallowing the petition, for the reason that same was insufficient. This is the only question in this case, and upon the whole record the lower court was correct, and should be, and is hereby, affirmed.

ALBERT, C. J., and STEVENS, KINTZINGER, ANDERSON, KINDIG, and EVANS, JJ., concur.