JAMES DAVIS, Appellant, v. T. P. HOLLOWELL, Appellee.

No. 42024.

OCTOBER 17, 1933.

J. J. Cardigan, for appellant.

J. M. C. Hamilton, for appellee.

ANDERSON, J.—On the 9th day of January, 1933, a petition for a writ of habeas corpus was filed in the district court of Lee county at Fort Madison, Iowa, in behalf of James Davis, the appellant. The petition alleges that James Davis is now illegally imprisoned and restrained of his liberty by the warden of the penitentiary without due process of law, contrary to article I, section 9 of the Iowa Constitution, and the Fourteenth Amendment to the Constitution of the United States; that he is a citizen of the United States and is restrained by virtue of a void commitment and a void judgment pronounced by the district court of Page county, Iowa; that said judgment is void for lack of jurisdiction, as it was entered upon a verdict of a jury finding the defendant not guilty of an offense charged in the indictment; and by reason of the fact that the court imposed an indeterminate sentence, not exceeding life. The petition was presented to the Hon. John M. Rankin, judge of the district court of Lee county, Iowa, and the writ was refused; the court indorsed thereon the following: "Writ denied because of insufficiency of petition, John M. Rankin, Judge." From such refusal the appellee prosecutes this appeal.

The record is very incomplete and unsatisfactory. It presents nothing except the petition for the writ, the order refusing the same and certified copies of the indictment, verdict, and a portion of the court's order pronouncing sentence in the original case; and the only errors assigned and relied upon are:

1. That the district court erred in refusing to grant the writ and in not ordering the release of the appellant from further confinement, for the reason that the district court of Page county was without jurisdiction to impose the original sentence upon the verdict as returned by the jury, and that the judgment, verdict, and commitment upon which the appellant is now being confined are null and void.

2. That the district court of Page county was without jurisdiction to impose sentence for an indeterminate period not exceed-

ing life, and that an indeterminate sentence could not be pronounced for a violation of section 13002 of the Code of Iowa.

It will be noticed that no assignment of error is made because the court erred in denying the issuance of the writ by reason of the insufficiency of the petition.

Section 12468 of the 1931 Code provides that the petition for the writ of habeas corpus must state:

"4. That the legality of the imprisonment has not already been adjudged upon a prior proceeding of the same character, to the best knowledge and belief of the applicant.

"5. Whether application for the writ has been before made to and refused by any court or judge, and if so, a copy of the petition in that case must be attached, with the reasons for the refusal, or satisfactory reasons given for the failure to do so."

Section 12474 provides:

"If the writ is disallowed, the court or judge shall cause the reasons thereof to be appended to the petition and returned to the person applying for the writ."

Where the allegations of the petition are in conformity to the statute and are sufficient to authorize the writ, the judge or court acquires jurisdiction of the parties and the subject-matter. Nowhere in appellant's petition is it alleged that the legality of the imprisonment has not already been adjudged by a prior proceeding of the same character, nor that application for the writ has not been before made to and refused by any court or judge. We think the provisions of section 12468 of the Code are mandatory, and that, in order to give the court jurisdiction of the parties and subject-matter, the petition for the writ must conform to the provisions of the statute, and that the trial court was right in denying the writ by reason of insufficiency of the petition. In fact, no other order could have been made without ignoring the plain mandate of the statute. See Smith v. Hollowell, 216 Iowa 1219, 250 N. W. 646.

On the merits of other allegations of the petition, we might say that we have held that the correctness of the rulings and judgment of a court in a pending criminal action in which it has full jurisdiction of the subject-matter and of the parties will not be re-

viewed on habeas corpus. Van Scoy v. Gretten, 177 Iowa 431, 158 N. W. 510; Smith v. Hollowell, 209 Iowa 781, 229 N. W. 191.

The ruling of the trial court is affirmed.—Affirmed.

ALBERT, C. J., and EVANS, STEVENS, KINDIG, KINTZINGER, and MITCHELL, JJ., concur.