EDWARD J. FARRANT, appellant, v. JOHN E. BENNETT, warden of Iowa State Penitentiary, and IOWA BOARD OF PAROLE, appellees.

No. 51180.

(Reported in 123 N.W.2d 888)

OCTOBER 15, 1963.

Edward J. Farrant, appellant, pro se.

Evan Hultman, Attorney General, and John H. Allen, Assistant Attorney General, for appellees.

LARSON, J.—Petition discloses that applicant was indicted, pleaded guilty, and was sentenced to life imprisonment for the crime of murder, by the Polk County District Court in 1933. No appeal was taken.

On the 12th day of July, 1963, the petitioner filed an application for a writ of habeas corpus in the office of the Clerk of

706

the District Court of Lee County, Iowa, and on the same day the petition was denied by the court, primarily for the reason that his petition did not comply with the requirements of chapter 663, Code, 1962. Petitioner appealed and on August 27, 1963, filed a similar petition in this court together with a motion that he be permitted to proceed without costs, file his record and brief typewritten, and have "any records in any court or offices bearing upon the subject matter herein that may be deemed essential to the proceedings" subpoenaed. We sustained the motion to waive costs, permitted the submission by typewritten records and briefs, and ordered the petition directed to us submitted as a part of this appeal. We also reserved the right to subpoena records found necessary to the consideration of the appeal.

The record filed before us consists of a copy of the petition for writ; the mittimus in the case, which recited the indictment, the plea, and the proceedings before sentence by the judge; a copy of an order denying a petition for a writ of habeas corpus by a United States District Judge for the Southern District of Iowa filed July 8, 1963, for failure to show petitioner had exhausted his state remedies required by 28 U. S. C., section 2254; and a copy of the order denying the writ in the Lee County District Court for failure to comply with chapter 663 of the Code of Iowa.

The basis of these applications, as we understand them, is that petitioner was denied due process and equal protection guaranteed him by the Federal Constitution, including Article IV, section 2, paragraph 2, and the Sixth and Fourteenth Amendments thereto. In his brief he complains of his court-appointed counsel and of the alleged failure of the trial court "to hear evidence and witnesses of the crime to determine the degree of guilt." He maintains that counsel should have appealed his case to this court, and that due to his age, lack of education and knowledge of law he was unable to protect his own rights.

I. It is well settled in Iowa that it is not the purpose of a habeas corpus proceeding to determine the guilt or innocence of one charged with a crime, nor to pass upon the errors in his trial, nor to retry the facts and pass upon the evidence to

sustain the charge or the sentence imposed. Unless there was some jurisdictional defect, the court's judgment is not void, and therefore may not be collaterally attacked by habeas corpus. Mann v. Lainson, 250 Iowa 529, 530, 94 N.W.2d 759, 760; Carpentier v. Lainson, 248 Iowa 1275, 84 N.W.2d 32, 71 A. L. R.2d 1151. It is true in Sewell v. Lainson, 244 Iowa 555, 57 N.W.2d 556, and in State v. Karston, 247 Iowa 32, 72 N.W.2d 463, we recognized the fact that under certain conditions the lack of effective counsel might constitute a jurisdictional defect reviewable by habeas corpus. But this is not such a case.

All we have before us here is the bare statement of applicant that he "was deprived of adequate counsel when his court-appointed attorney failed to protect his rights and failed to appeal, and petitioner was without legal knowledge of his rights." He does not claim any objection was made to his court-appointed counsel by him or by his mother who appeared with him in open court. Since incompetency of his attorney rests solely upon his naked assertion without any supporting facts, and the recitation in the mittimus would seem to belie such accusation, we conclude insufficient facts appear to establish a prima facie showing that he was furnished ineffective counsel. Rodgers v. Bennett, 252 Iowa 191, 105 N.W.2d 507; Mann v. Lainson, supra. In the Mann case at page 530 of 250 Iowa we pointed out that, while one charged with such a serious crime is entitled to the assistance of effective counsel, and the right of all to petition for a writ of habeas corpus is guaranteed under the Contitution and should be liberally construed, the rule is quite clear that one who has been duly convicted in the state courts may not, in such a proceeding, rehash and retry the original case upon broad statements and conclusions which, even if true, should have been handled by appeal. Clearly in the matter at hand, petitioner's complaint of counsel and the proceedings at the time of his sentence do not disclose circumstances calling for the issuance of the writ but would require a denial.

II. Perhaps the principal question presented by the appeal is whether the district court was correct in disallowing the writ for the reason that "the petition does not comply with chapter 663 of the Code of Iowa."

Code section 663.1, Code, 1962, sets out what must be contained in a petition for a writ of habeas corpus. It is quite evident applicant's petition here does not contain the essential elements set forth in subsections 4 and 5 of section 663.1, which provide: "4. That the legality of the imprisonment has *not* already been adjudged upon a prior proceeding of the same character, to the best knowledge and belief of the applicant. 5. Whether application for the writ has been before made to and refused by any court or judge, and if so, a copy of the petition in that case *must be attached,* with the reasons for the refusal, or satisfactory reasons given for the failure to do so." (Emphasis supplied.)

There has been a total failure to comply with the above provisions of the statute, which are not complicated or difficult to perform. His reference to any previous actions that may have been taken was "Records from previous actions here subpoenaed, Farrant v. Haynes, Farrant v. Lainson, etc." Nothing else is set out and obviously this does nothing to satisfy the essential requirements of the statute. Even if the court were disposed to examine such records for the basis of former denials, the task of hunting through records, even in the Lee County Clerk's office, would be most burdensome. The statute squarely places that task upon the applicant. In filing a petition for such a writ, compliance with the requirement of the statute is mandatory. Smith v. Hollowell, 216 Iowa 1219, 1221, 250 N.W. 646; Davis v. Hollowell, 216 Iowa 1178, 250 N.W. 647, certiorari denied 290 U. S. 703, 54 S. Ct. 375, 78 L. Ed. 604.

Since applicant's petition filed here, before the district court, fails to comply with the requirements of section 663.1, subsections 4 and 5, the district court was correct in disallowing the same, and its determination must be affirmed.

III. Applicant also filed a petition for a writ before this court and it was ordered submitted with the appeal. In his argument applicant contends statutory requirements set forth in chapter 663, Code of Iowa, need not be met, as those apply only to the district courts.

Of course, it may be argued that since the Supreme Court has certain original and constitutional powers it is not bound by

statutory restrictions as to locality or contents of petitions. See Constitution of Iowa, Article V, section 4. It may also be argued that since the writ of habeas corpus is one of right and of ancient origin, and since the preservation of its benefits is a matter of great importance to the people, the rules providing for its use against unlawful restraint should be liberally construed and applied. Being aware of that view, we considered petitioner's contentions in Division I, and will briefly do so as to his second ground challenging the authority of the warden at the Iowa State Penitentiary to hold him as a parole violator upon his return to Iowa without the usual proceedings provided for extradition. Prior to his release on parole, his life term had been commuted to ninety years.

IV. Petitioner states: "Respondents unconstitutionally transferred and committed jurisdiction of petitioner to Illinois Board of Parole in July, 1962, and deprived petitioner of his constitutional rights upon returning him to Iowa in February, 1963, under * * * Iowa Statute, Sec. 247.10 and P. L. 293, Title 4, U. S. C. 111, and respondents have now subjected petitioner to double jeopardy by returning him to Iowa." As we understand it, petitioner contends that the state had no right to parole him to the authorities in Illinois and to return him to the actual custody of the warden when he violated the terms of his parole.

This contention is, of course, an attack upon the constitutionality of section 247.10, Code, 1962. It is by the Code Editor entitled "Reciprocal agreements with other states" and provides: "The governor of the state of Iowa is hereby authorized and empowered to enter into compacts and agreements with other states, through their duly constituted authorities, in reference to reciprocal supervision of persons on parole or probation and for the reciprocal return of such persons to the contracting states for violation of the terms of their parole or probation."

Section 247.9 provides: "All paroled prisoners shall remain, while on parole, in the legal custody of the warden * * * and shall be subject, at any time, to be taken into custody and returned to the institution from which they were paroled."

It appears Iowa has such a compact with Illinois, that petitioner was paroled and placed under the supervision of the Illi-

nois board of parole, that he violated his parole and was turned over to the Iowa authorities and returned to the prison at Fort Madison, Iowa. He contends regular extradition proceedings were required and, since they were not followed, his return was illegal and his restraint now unlawful under Article IV, section 2, paragraph 2, of the United States Constitution. There is no merit in this contention. The provisions of such a compact are not for the benefit of the fugitive or parole violator, and it has been held generally that the asylum state may require the governor under such an agreement to surrender a fugitive or parole violator on terms less exacting than those imposed by the Act of Congress. State ex rel. Treseder v. Remann, 165 Wash. 92, 4 P.2d 866, 78 A. L. R. 412. Also see notes in 78 A. L. R. 419, 8 A. L. R. 903.

The whole matter was well considered in Ex parte Tenner, 20 Cal.2d 670, 128 P.2d 338, where it was held that due process, in violation of the Fourteenth Amendment to the United States Constitution, is not violated by one's return to prison for parole violation under such a compact. We adopt the reasoning expressed therein. Petitioner acknowledges this determination of that court but would have us follow the dissent by one judge thereof. We prefer the majority view, and find no responsible authority for the proposition that such compacts enacted and carried out between states in parole matters are illegal or unconstitutional, as charged.

V. Petitioner has apparently applied to several federal district courts for a writ which has in each instance been denied. We are not told upon what basis, except for the last one, which was set out in the record. Applicant, although not trained in the law, must carry his burden to make a reasonable showing of a proper basis of his claimed right to a writ. He has failed to do so here, but seems to desire this court to do all the research for him. This, courts cannot do.

We conclude the action of the district court must be affirmed and the application here for a writ must be denied.— Affirmed.

All JUSTICES concur.