Edward J. FARRANT, Appellant,

v.

John E. BENNETT, Warden, Iowa State Penitentiary, Appellee.

No. 17635.

United States Court of Appeals
Eighth Circuit.

June 30, 1965.

Certiorari Denied Oct. 11, 1965.

See 86 S.Ct. 143.

Edward J. Farrant, pro se.

Evan Hultman, Atty. Gen., and John H. Allen, Asst. Atty. Gen., Des Moines, Iowa, filed typewritten brief for appellee. No oral argument was made.

Before JOHNSEN, Chief Judge, and VOGEL and MEHAFFY, Circuit Judges.

PER CURIAM.

Edward J. Farrant here appeals from a denial of his application for a writ of habeas corpus in United States District Court. Appellant is presently confined in the Iowa State Penitentiary. On January 6, 1933, he entered a plea of guilty to murder based on an indictment in the Polk County District Court of Iowa. On February 6, 1933, he was sentenced to life imprisonment for murder in the first degree in a proceeding which he alleges took only ten minutes. In 1946 and again in 1950–51 he sought relief in the Federal District Court and in this court, alleging that the state trial court in 1933 failed to take evidence to determine the degree of murder as required by Iowa statute. Writs of habeas corpus were denied by the District Court and this court

denied certificates of probable cause on both occasions.

On December 19, 1961, appellant's life sentence was commuted to 90 years and he was subsequently paroled in July 1962 and placed under the supervision of the Illinois Parole Board pursuant to the Iowa-Illinois Interstate Parole Compact. On November 4, 1962, he was sentenced to a 90-day jail term in Springfield, Illinois, for making alcoholic beverages available to minors. While serving this sentence, a detainer warrant from the Jones County, Iowa District Court was placed against appellant for "parole violation". Upon being informed that the Iowa-Illinois Interstate Parole Compact made the Illinois courts closed to him, appellant filed a petition for writ of habeas corpus with the United States District Court at Springfield, Illinois. Such petition was dismissed on the ground that the court had no power to issue a writ in this situation. Appellant appealed to the Court of Appeals for the Seventh Circuit, but in the interim period he had been returned to Iowa prisons so that the Court of Appeals dismissed the appeal on the ground that jurisdiction over the appellant had passed to Iowa.

On May 9, 1963, appellant petitioned the United States District Court for the Southern District of Iowa for a writ of habeas corpus. This was denied on July 8, 1963, by Judge McManus on the ground that petitioner had failed to exhaust his remedies as required by 28 U.S. C.A. § 2254.

Appellant thereafter sought a writ of habeas corpus from the Lee County District Court, alleging failure of his original trial court to hear evidence on the degree of guilt upon a plea of guilty as required by Iowa statute and ineffective assistance of counsel for failure to appeal this alleged error of the trial court, in addition to making the claim that he was denied constitutional rights in being returned to Iowa as a parole violator. This petition was denied on July 12, 1963, on the grounds of failure to comply with the Iowa statutes, Chapter 663, Code 1962, I.C.A., with regard to stating in the petition whether or not the legality of the imprisonment had been adjudged in an earlier habeas corpus proceeding and if so, attaching copies of the prior petitions and on the further ground that, " * * * the petition shows that the petitioner is now serving time for violation of parole and would not be entitled to a writ". The Supreme Court of Iowa affirmed, primarily on the ground of noncompliance with the habeas corpus statute, but the court further held that the sentencing procedure could not be attacked collaterally and that " * * * insufficient facts appear to establish a prima facie showing that he was furnished ineffective counsel". Farrant v. Bennett, 1963, 255 Iowa 704, 123 N.W.2d 888, 890.

Appellant then filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Iowa. Judge Stephenson denied the petition without a hearing, holding that the Interstate Parole Compact between Iowa and Illinois was constitutional and appellant's contentions relating to his return to Iowa were without merit. He further held, in regard to the claims involving the sentencing procedure at appellant's original trial and ineffective assistance of counsel at the time, that in the previous consideration of appellant's case in the Eighth Circuit:

" * * * The Court of Appeals' ruling was that the passing of sentence by a state court in such a situation without the taking of testimony as to the degree of guilt was not a violation of the 14th amendment and thus no federal question was presented. The matter need not be further considered." Order of February 25, 1964, p. 3.

On April 3, 1964, this court granted a certificate of probable cause specifying that the briefs be directed to the following questions:

"1. Whether, on the allegations of appellant's petition and on Exhibit 'A' attached thereto, such a question was raised as to entitle appellant to a hearing in the District Court on

whether the requirement of § 12913 of the Iowa Code of 1931 was sufficiently complied with in the proceedings had for determining the degree of murder of which appellant was guilty as to satisfy due process.

"2. Whether, on the allegations in appellant's petition, such a question was raised as to entitle appellant to a hearing in the District Court on whether there had been such lack of effective assistance of counsel in the proceedings had for determining the degree of murder of which he was guilty, and in relation to there having been no appeal taken from the determination made, as to amount to a want of due process.

"3. (a) Whether the power conferred upon the Governor of Iowa under I.C.A. § 247.10 to enter into reciprocal compacts with other states for the return of parole violators could legally be exercised, in the compact made with the Governor of Illinois, to avoid the provisions of I.C.A. §§ 759.10 and 759.-25 of the Uniform Criminal Extradition Act; and (b) whether, even if such power might not be capable of being so exercised, the return made of appellant from Illinois to Iowa under such compact would cause his present restraint and confinement to be invalid."

Appellant alleges that he was deprived of due process and equal protection of the law because of the unlawful manner in which an Iowa state court handled his guilty plea to a murder indictment in 1933. § 12913 of the Iowa Code of 1931, now § 690.4, I.C.A.,[1] provided that it was the duty of the trial court, upon receiving a plea of guilty, to examine witnesses and determine the degree of the offense. Appellant alleges that the trial court, in a summary proceeding which

took only ten minutes, sentenced him to life imprisonment for first degree murder without complying with the statute. Appellant further contends that he was denied the effective assistance of counsel because of the latter's failure to object to the omission of a hearing on the degree of guilt and because of counsel's failure to appeal, which appellant feels would have resulted in a reversal based on the dictum in McCormick v. Hollowell, 1933, 215 Iowa 638, 246 N.W. 612, 614, relating to failure to hold a hearing prior to sentencing:

"* * * we are disposed to assume that the failure of the district court in the respects charged, constituted error of such a nature as to render the judgment reversible on appeal."

The State of Iowa argues that the failure of the trial court to hold a hearing to determine the degree of the crime charged does not raise a federal question, contending that the determination was a procedural matter governed by Iowa statute (§ 12913, 1931 Code), and that if any error had been committed the proper course would have been an appeal to the Supreme Court of Iowa.

As to the appellant's allegation of ineffective counsel, Iowa argues:

"* * * the fact that counsel for appellant did not appeal from the determination of the degree of murder does not create a question of effectiveness of counsel in the absence of some claim that the appellant was not guilty of the greater degree of the crime. The appellant made no such claim in his petition and seems to base his entire claim of effective [sic] counsel on the fact that the hearing was insufficient and no appeal was taken."

■ Initially, it should be noted, in view of the language in Fay v. Noia,

---

1. "*690.4 Degree determined*
    "Upon the trial of an indictment for murder, the jury, if it finds the defendant guilty, must inquire, and by its verdict ascertain and determine the degree;

but if the defendant is convicted upon a plea of guilty, the court must, by the examination of witnesses, determine the degree, and in either case must enter judgment and pass sentence accordingly."

1963, 372 U.S. 391, 459, 83 S.Ct. 822, 847, 9 L.Ed.2d 837, that the failure of appellant to pursue "the proper course" by appeal to the Iowa Supreme Court would not bar habeas corpus relief now in federal court. In sweeping language the Supreme Court, in an opinion written by Mr. Justice Brennan, held that federal courts have power to grant relief despite the applicant's failure to have pursued a state remedy not available to him at the time he seeks habeas corpus. It should also be noted that the appellant here, by his briefs, seems to assert that he was not guilty of first degree murder. At the very least, he contends that he was entitled to a hearing to determine the degree as provided for by the Iowa statute.

We believe that the District Court should have granted appellant a hearing on his allegations relating to the procedure under which he was sentenced and the alleged ineffectiveness of counsel during those proceedings. Townsend v. Sain, 1963, 372 U.S. 293, 312–313, 83 S. Ct. 745, 757, 9 L.Ed.2d 770, holds that a hearing must be held in the following circumstances:

"  *   *   *  Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding. In other words a federal evidentiary hearing is required unless the state-court trier of fact has after a full hearing reliably found the relevant facts.

*   *   *   *   *   *

"  *   *   *  a federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing."

It does not appear that the appellant here received such a hearing. In Farrant v. Bennett, 1963, 255 Iowa 704, 123 N.W.2d 888, 890, the Supreme Court of Iowa said:

"Perhaps the principal question presented by the appeal is whether the district court was correct in disallowing the writ for the reason that 'the petition does not comply with Chapter 663 of the Code of Iowa.' "

The court continued at page 891 of 123 N.W.2d:

"There has been a total failure to comply with the above provisions of the statute *   *   *. In filing a petition for such a writ, compliance with the requirement of the statute is mandatory."

Additionally, it does not appear that there has been an adequate state hearing concerning the appellant's claims regarding his sentencing in his original trial and the adequacy of his representation therein. The Iowa court said at page 890 of 123 N.W.2d:

"All we have before us here is the bare statement of applicant that he 'was deprived of adequate counsel when his court-appointed attorney failed to protect his rights and failed to appeal, and petitioner was without legal knowledge of his rights.' He does not claim any objection was made to his court-appointed counsel by him or by his mother who appeared with him in open court. Since incompetency of his attorney rests solely upon his naked assertion without any supporting facts, and the recitation in the mittimus would seem to belie such accusation, we conclude insuf-

ficient facts appear to establish a prima facie showing that he was furnished ineffective counsel."

From the record before us here, it would seem that the Iowa trial court held a hearing to determine the penalty of death, or life imprisonment, under a first degree murder charge according to the provisions of § 12914 of the 1931 Iowa Code (now I.C.A. § 690.5) rather than determining initially under the provisions of § 12913, Iowa Code of 1931 (now I.C.A. § 690.4) the degree of the crime upon the guilty plea. Such provision requires:

> "* * * if the defendant is convicted upon a plea of guilty, the court *must*, by the examination of witnesses, determine the degree * * *." (Emphasis supplied.)

From the facts thus presented, there appears to us to be sufficient questions raised regarding the sentencing procedure followed that require a hearing under the Townsend v. Sain criteria.

It would also appear necessary that a hearing be held on the question of whether appellant had the effective assistance of counsel at the time he was sentenced. The record shows that at the time he was charged with murder the appellant was a minor and apparently was without counsel when he pleaded guilty to the "crime of murder". The state's argument that

> "* * * the determination of the degree of murder does not create a question of effectiveness of counsel in the absence of some claim that the appellant was not guilty of the greater degree of the crime"

seems to be without merit for two reasons: First, every person has the right to due process of law in being convicted; secondly, the implication of appellant's argument on this point is that he was guilty of something less than murder in the first degree; and, even if it were determined that he was guilty of murder in the first degree eventually, he at least had a right to have that determination made after evidence was taken and witnesses were heard according to the provisions of the Iowa statute. See McCormick v. Hollowell, supra, 1933, 215 Iowa 638, 246 N.W. 612, 614; State v. Martin, 1952, 243 Iowa 1323, 55 N.W.2d 258, 261–262, 34 A.L.R.2d 904; and State v. Kelley, 1962, 253 Iowa 1314, 115 N.W. 2d 184, 187. These holdings that upon a plea of guilty to murder the court *must* hold a hearing seem to raise a question of whether appellant had effective assistance of counsel so as to protect his rights under the Iowa statute relating to the sentencing procedure.

We find no merit in appellant's contentions relating to the invalidity of the Iowa-Illinois Parole Compact and the manner in which he was returned to Iowa. The Supreme Court of Iowa in the appellant's case and other courts which have considered similar compacts have uniformly held them constitutional and that the power exercised under these compacts does not violate the criminal extradition acts. See Farrant v. Bennett, Ia., 1963, 123 N.W.2d 888, 892; Pierce v. Smith, 9 Cir., 1949, 175 F.2d 193, 194; Pierce v. Smith, (same parties) 1948, 31 Wash.2d 52, 195 P.2d 112, certiorari denied, 335 U.S. 834, 69 S.Ct. 24, 93 L.Ed. 387.

An additional reason for finding lack of validity in the appellant's contentions is that Iowa *now* has jurisdiction and the manner of obtaining jurisdiction over his person is not subject to review. Evans v. United States, 8 Cir., 1963, 325 F.2d 596, 602–603; Bistram v. United States, 8 Cir., 1958, 253 F.2d 610, and cases cited therein; cf. Mahon v. Justice, 127 U.S. 700, 8 S.Ct. 1204, 32 L.Ed. 283; 22 Am.Jur., Extradition, § 65.

The order of the District Court appealed from is vacated and this case is remanded with directions to the District Court to grant petitioner's request for a hearing.