STATE OF IOWA, Appellee, v. FRANCISCO GIUDICE, Appellant.

**INDICTMENT AND INFORMATION:** Requisites and Sufficiency—
1  Nonspecific Allegations—Waiver.  A failure to specifically allege, in an indictment for murder, that the accused, in making the assault, actually used the weapon with which he is alleged to have been armed, is waived by going to trial without objection thereto.

**CRIMINAL LAW:**  Appeal—Law of Case.  A holding on appeal and
2  reversal that certain testimony is admissible, becomes the law of the case and conclusive on retrial.

**TRIAL:**  Misconduct of Counsel—Argument—Legitimate Inferences.
3   Principle recognized that counsel in argument has the right to draw any legitimate inference from the testimony and base argument thereon.

*Appeal from Mills District Court.*—THOMAS ARTHUR, Judge.

MONDAY, JUNE 25, 1917.

DEFENDANT was convicted of murder in the first degree and sentenced to the penitentiary for life.  For statement of facts, see *State v. Giudice,* 170 Iowa 731.—*Affirmed.*

*John J. Hess,* for appellant.

*C. E. Swanson, H. M. Logan, John P. Organ, Genung & Genung, George Cosson,* Attorney General, for appellee.

1. INDICTMENT AND INFORMATION: requisites and sufficiency: nonspecific allegations: waiver.

STEVENS, J.—I.  Objection was made, upon the trial below, to the sufficiency of the indictment.  The specific objection to the indictment is that, while it is therein stated that defendant was armed with a deadly weapon, the indictment fails to specifically state that defendant, in making the assault and inflicting the fatal wound upon deceased, used the deadly weapon described.

The indictment is not as specific in this respect as it might have been made, but, giving to the language of the indictment its true meaning, it is clear that no other interpretation is possible than that the wound was inflicted by the use of the deadly weapon referred to in the indictment. We therefore think the indictment sufficient.  It is not necessary, as contended by appellant, to supply something by intendment.  This, of course, cannot be done, but we think the indictment sufficiently charges the manner of the killing, together with the weapon used, to meet the requirements of the statute and pleading in criminal cases.  In any event, the objection was not made in time.  Section

5289, Supplement to the Code, 1913; *State v. Gulliver*, 163 Iowa 123.

II.  It is also claimed, on behalf of defendant, that the court erred in admitting the testimony of the witness Shellinger, relating to certain statements made by deceased immediately after receiving the fatal injuries.  This testimony was held upon the former appeal to be admissible, and the same was, therefore, properly admitted.

2. CRIMINAL LAW: appeal: law of case.

III.  Numerous objections were made to the introduction of testimony which were overruled, and such rulings assigned as error upon this appeal.  We have carefully gone over the record as to all of these matters, and, while some of the testimony might have been properly excluded, its admission was without prejudice to the defendant.  Some objections urged were passed upon adversely to the contention of appellant upon the former appeal.  We find no reversible error on account of the admission or exclusion of testimony.

IV.  It is also urged on behalf of defendant that counsel for appellee were guilty of such misconduct in argument to the jury as to require a reversal of this case. There was no particular impropriety in any of the remarks of counsel.  Counsel had the right to draw any legitimate inference from the testimony and base argument thereon.  We discover no error in the argument of counsel.  *State v. Harmann*, 135 Iowa 167; *State v. Proctor*, 86 Iowa 698; *State v. Hasty*, 121 Iowa 507.

3. TRIAL: misconduct of counsel: argument: legitimate inferences.

On account of the seriousness of the charge and the sentence imposed upon the defendant, we have gone over the record with great care, and are convinced that no reversible error was committed by the court.  The defendant's guilt was clearly established.—*Affirmed.*

GAYNOR, C. J., WEAVER and PRESTON, JJ., concur.