STATE OF IOWA, Appellee, v. PAT COSTELLO, Appellant.

**ASSAULT AND BATTERY:** Assault With Intent to Inflict Great
1   Bodily Injury—Sufficiency of Allegation. An indictment for assault
with intent to inflict great bodily injury need not allege any spe-
cific facts tending to establish said intent.

**INDICTMENT AND INFORMATION:** Sufficiency—Failure to Allege
2   Facts—Waiver. An objection that an indictment is lacking in the
specific recitals of fact necessary to constitute the offense of assault
with intent to inflict great bodily injury is waived *when raised for
the first time in a motion in arrest of judgment.*

**CRIMINAL LAW:** Included Offenses—Unnecessary Submission. An ac-
3   cused who is convicted of assault with intent to inflict great bodily
injury may not complain that assault and battery (not charged in
the indictment) was submitted to the jury.

**CRIMINAL LAW:** Trial—Leading Questions. Leading questions on di-
4   rect examination are permissible, within the range of fair discre-
tion.

Headnote 1:  5 C. J. p. 772.  Headnote 2:  31 C. J. p. 874.  Headnote
3:  17 C. J. pp. 358, 361.  Headnote 4:  40 Cyc. p. 2427.

*Appeal from Cherokee District Court.*—WILLIAM HUTCHINSON,

FEBRUARY 17, 1925.

REHEARING DENIED JUNE 25, 1925.

INDICTMENT for assault with intent to inflict great bodily
injury upon one Collins. The defendant pleaded "not guilty."
A verdict of "guilty as charged in the indictment" was ren-
dered, and judgment was rendered thereon. The defendant has
appealed.—*Affirmed.*

*William Mulvaney* and *C. D. Meloy,* for appellant.

*Ben J. Gibson,* Attorney-general, *Neill Garrett,* Assistant
Attorney-general, and *Lew McDonald,* County Attorney, for
appellee.

EVANS, J.—I. The events upon which this prosecution is based occurred at the town of Marcus, at 9:30. P. M. of May 31, 1923. The evidence for the State was that the defendant and his brother jointly assaulted one Collins, and did inflict serious bodily injury upon him. Defendant's real defense before the jury was that he acted in self-defense. He testified that Collins assaulted him and struck him. Collins was an elderly man, 52 years of age, and the defendant was a man 26 years of age, weighing about 185 pounds. The sufficiency of the evidence to sustain the verdict is beyond debate, and we give it no further attention.

The defendant assigns many grounds of reversal. His principal argument is directed to the proposition that the indictment was defective, in that it failed to charge any other offense than simple assault. The charging part of the indictment was as follows:

"The said Pat Costello, on or about the 31st day of May, in the year of our Lord one thousand nine hundred and twenty-three, in the county and state aforesaid, did intentionally and unlawfully assault one James Collins, with intent on the part of the said Pat Costello to then and there inflict upon the person of the said James Collins a great bodily injury, and all of which acts were then and there done in Cherokee County, Iowa, contrary to the statutes in such cases made and provided, and against the peace and dignity of the state of Iowa."

The complaint is that this indictment failed to charge the facts constituting the offense, so far as such offense included the intent to commit great bodily injury.

The concession of counsel that the indictment sufficiently charged simple assault being accepted, the question naturally arises what acts could be specified as constituting an *intent*.

1. ASSAULT AND BATTERY: assault with intent to inflict great bodily injury: sufficiency of allegation.

The defendant relies upon *State v. Steinke*, 185 Iowa 481, as authority for his contention. We do not find that authority to be applicable to the contention made by the defendant. In that case, the indictment charged an assault, and charged the method of it, and further charged that the defendant therein "*did inflict* great bodily injury, etc." It failed,

however, to charge an *intent* to inflict great bodily injury. Such was the defect found in the indictment in that case.

In so far as the offense charged involves the commission of overt acts, it is usually held that such acts must be set forth sufficiently to individuate the particular offense charged. The only overt act involved in the offense charged herein was the assault. This being sufficiently charged, as conceded, the intent with which the assault was made involves no necessary overt act, and is quite incapable of further description. In *State v. Gulliver*, 163 Iowa 123, we held an indictment sufficient in form which charged "an assault with intent to rob." In that case we said:

"In the other case, the overt criminal act is the injury or attempted injury of the person of another, and, for reasons already stated, an allegation of the name of the person assaulted is essential to a complete charge; but, the intent having reference only to the mental attitude or purpose of the assailant, it is sufficiently expressed in alleging it in general terms."

We observe no distinction in principle as between the cited case and that at bar.

It further appears that the defendant raised no question as to the sufficiency of the indictment until after verdict. At that time, he filed a motion in arrest of judgment. His contention is that, under Code Section 5485, he had a

2. INDICTMENT AND INFORMATION: sufficiency: failure to allege facts: waiver.

right to raise any question by motion to arrest which he could have raised by demurrer. This contention wholly ignores our later legislation under Chapter 227 of the Acts of the Thirty-third General Assembly (Paragraph 9 of Section 5289, Code Supplement, 1913). It was there expressly provided that all objections to the indictment relating to matters of substance and form should be deemed waived if not raised before the jury is sworn on the trial of the case. This statute was construed and applied by us in *State v. Gulliver*, 163 Iowa 123; *State v. Boggs*, 166 Iowa 452; *State v. Cooper*, 169 Iowa 571; and *State v. Giudice*, 180 Iowa 690.

In the *Cooper* case, the attack was made as in this case, by motion in arrest, after verdict, and not by demurrer, before trial. In all the foregoing cases, we held the later statute to

be controlling, and for the same reason it must be held controlling in this case.

II. In submitting the case to the jury, the trial court submitted four forms of verdict, and thereby permitted the jury to find a verdict of assault and battery. This is assigned as a ground of reversal. It is true that there was no charge in the indictment of any act which could constitute an assault *and battery*. If the jury had found the defendant guilty of assault and battery, he would be in position to attack the verdict as without support in the indictment. The giving of such form of verdict to the jury operated only to the benefit of the defendant, and was undoubtedly intended for that purpose by the court. It opened an additional door of escape for the defendant from the charge of the larger offense. But the verdict found the defendant guilty of the larger offense, and he was not affected by the action of the court in that respect. This act by the court had no tendency to divert the jury away from the facts and issues of the case. The evidence introduced in support of the indictment did show acts constituting assault *and battery*. There was nothing in the instruction, therefore, which tended to divert the attention of the jury away from the material evidence in the case. We see no possible prejudice, but, on the contrary, a potential advantage to the defendant, in the giving of such instruction.

3. CRIMINAL LAW: included offenses: unnecessary submission.

III. Complaint is made because the court permitted the prosecuting witness to answer leading questions by the county attorney. Only one instance is pointed out to us. In such instance, the prosecuting witness was permitted to state his belief that the defendant had some weapon in his hand when he struck the witness in the face. The objection of the defendant to the question might well have been sustained. But the court acted within the fair bounds of its discretion in permitting the question.

4. CRIMINAL LAW: trial: leading questions.

IV. Complaint is made of Instruction 9 by the court, which defined the right of self-defense. The argument of appellant is predicated upon one paragraph of such instruction. Another paragraph of the same instruction furnishes a complete answer to appellant's argument, and the instruction as a

whole is a proper statement of the law on that subject. We find no merit in appellant's complaint of Instruction 8 as being a defective definition of an assault.

V. Counsel for appellant devotes some argument to the relative merits of the case and the relative weight of the evidence. It is contended that the evidence of the prosecuting witness was greatly exaggerated, and for that reason was substantially false. While the prosecuting witness measured the blood lost by him in a quart measure, appellant's counsel would measure the same in thimbles. While the witnesses for the State found a pool of blood at the place of assault, the witnesses for the defendant found only bloodstains. The argument thus made would be eminently proper before the jury, and was doubtless made there with the usual earnestness of the veteran counsel.

Nothing is presented which would justify our interference with the verdict. The foregoing presents the principal questions argued, and we shall not extend our discussion to other points stated as grounds of reversal. We have examined the record as it bears on each one, and find nothing that entitles the defendant to a reversal. The judgment below is, accordingly, affirmed.—*Affirmed.*

FAVILLE, C. J., and ARTHUR and ALBERT, JJ., concur.