710

## HUNTER v. UNITED STATES.
### No. 9975.

Circuit Court of Appeals, Sixth Circuit.
June 11, 1945.

Martha Allen, of Cincinnati, Ohio, for appellant.

Frank E. Steel, of Cleveland, Ohio (Don C. Miller, of Cleveland, Ohio, on the brief), for appellee.

Before SIMONS, HAMILTON, and MARTIN, Circuit Judges.

PER CURIAM.

Appellant, Fred Hunter, with others, was indicted on two counts for a violation of Title 18 U.S.C.A. § 320. Appellant was charged in count 1 with putting lives in jeopardy by the use of dangerous weapons. The statute on this count fixes mandatory punishment of twenty-five years for its violation.

Count 2 charged appellant with assault with intent to rob, steal and purloin mail matter. The statutory punishment under this count is imprisonment for not more than ten years.

On April 7, 1937, appellant entered a plea of guilty to each of the counts in the indictment and the court imposed a sentence of twenty-five years' imprisonment without specifying a separation of the sentence on the respective counts of the indictment.

On September 16, 1944, appellant filed motion for a correction of the sentence, which motion was denied and from the or-

der of denial, this appeal is prosecuted. The grounds alleged in support of the motion are: (1) That the statute in question created but one punishable offense with different degrees. (2) That on a plea of guilty to each count of the indictment the court was bound to take evidence to ascertain under which count of the indictment the sentence was to be imposed.

The statute involved contemplates but one sentence for the offense committed thereunder, the severity of the sentence depending upon the manner of the perpetration of the crime. Costner v. United States, 4 Cir., 139 F.2d 429. But one sentence was here imposed.

The extent of punishment is limited to that provided by the statute creating the offense. Within the statutory limit the amount of the punishment is within the discretion of the trial court.

The language of the statute under which the first count of the indictment was laid is mandatory that a person convicted under it shall be sentenced to serve twenty-five years, no more and no less.

Rule 1 of the Rules of Criminal Procedure, 18 U.S.C.A. following section 688, provides that after a plea of guilty sentence shall be imposed without delay unless the condition or character of the defendant or other pertinent matters should be investigated in the interest of justice prior to sentence being imposed. This rule has no application unless the court has a discretion as to the extent of punishment to be imposed. When it rests in the discretion of the court to fix punishment, it has power to subpoena or examine witnesses or to take into consideration other evidence as to matters which may be an aggravation or mitigation of the offense, although not admissible on the issue of guilt or innocence. Carter v. United States, 4 Cir., 63 F.2d 108; Stobble v. United States, 7 Cir., 91 F.2d 69.

In the case at bar, the trial court had no discretion as to the extent of the punishment under the statute on which the first count of the indictment was based and to which appellant plead guilty, and any inquiry as to whether the offense was committed in a particular way was entirely immaterial. Tesar v. United States, 6 Cir., 128 F.2d 591. Judgment affirmed.