PEOPLE v. GRILLO.

1. CRIMINAL LAW—MURDER—DEGREE OF CRIME—HEARING.

Where defendant, charged with murder, pleaded guilty to second-degree murder and it was determined that his plea was made freely and without undue influence, no hearing was necessary to determine the degree of the crime (3 Comp. Laws 1929, § 17328).

2. SAME—DEGREE OF CRIME—PLEA OF GUILTY.

Where an accused pleads guilty to one of several degrees of crime with which he is charged, the question of degree is not for the determination of the court.

3. HOMICIDE—MANSLAUGHTER—MURDER—MALICE.

Manslaughter is distinguished from murder in that the element of malice, express or implied, which is the very essence of murder, is absent.

4. SAME—SENTENCE—DEGREE OF CRIME—PLEA OF GUILTY.

Statute requiring that trial judge ascertain whether or not plea of guilty was free and voluntary and without undue influence does not require a determination of whether an accused, charged with murder and who pleaded guilty to second-degree murder, was guilty of manslaughter (3 Comp. Laws 1929, § 17328).

5. SAME—SENTENCE—SECOND-DEGREE MURDER—MENTAL EXAMINATION.

Sentence for second-degree murder was not void because of trial court's failure to cause a mental examination to be made by three psychiatrists as provided by statute since failure to comply with such statute is not reversible error nor jurisdictional (Act No. 175, chap. 6, § 15a, Pub. Acts 1927, as added by Act No. 259, Pub. Acts 1939).

Appeal from Recorder's Court for City of Detroit; Ide (O. Z.), J. Submitted July 21, 1947.

(Docket No. 74, Calendar No. 43,574.)    Decided January 5, 1948.

Mike Grillo was convicted of second-degree murder.  Affirmed.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *James N. McNally,* Prosecuting Attorney, and *Robert N. Smiley* and *Herbert Burdick,* Assistant Prosecuting Attorneys, for the people.

*Leonard Simons (Hugh V. Williams,* of counsel), for appellant.

BUSHNELL, C. J.   Defendant Mike Grillo, when arraigned on a warrant on September 11, 1942, stood mute, a plea of not guilty was entered, and examination was waived.   On October 6, 1942, he was arraigned on an information charging him with the murder of Edward Westenberg on March 23, 1936. He was represented by counsel when he entered his plea of guilty to second-degree murder.  The statutory examination required by 3 Comp. Laws 1929, § 17328 (Stat. Ann. § 28.1058) was had, and it was determined that this plea was free and voluntary and without undue influence.

The matter was referred to the probation office and psychopathic clinic of the recorder's court of Detroit, which office filed a report, stating, among other things, that defendant was a "high grade, feeble minded" man, and a "very stupid" man.

No examination was made by a commission of three psychiatrists, as provided by Act No. 175, chap. 6, § 15a, Pub. Acts 1927, as added by Act No. 259, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 17207–1, Stat. Ann. 1946 Cum. Supp. § 28.933 [1]);

nor did the trial judge examine witnesses "to determine the degree of the crime" before rendering judgment. See Act No. 328, § 318, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115-318, Stat. Ann. § 28.550).

On October 16, 1942, a sentence of life imprisonment without recommendation was imposed, and defendant has since been in prison.

On March 1, 1946, a motion to set aside and vacate the judgment and sentence and for a new trial was made. This motion was denied on May 16, 1946, prior to decision in *People* v. *Martin,* herein cited below. The questions raised in this motion have been renewed upon appeal, leave for same having been granted on October 17, 1946.

The questions presented have to do with failure to take the testimony of witnesses as to the degree of the crime and the claim that the sentence is void because no mental examination was made, although it affirmatively appeared prior to the time of sentence that Grillo was feeble-minded.

It is argued that the first proposition is controlled by our recent decision in *People* v. *Martin,* 316 Mich. 669, where this Court said:

"It is the clear intent and meaning of the statute that the court shall proceed to a determination of the degree of the crime on the basis of testimony given by witnesses sworn and examined in open court. Not having done so, the court could not, as the statute provides, 'render judgment accordingly,' and it was, therefore, without jurisdiction to impose sentence. It follows that the sentence is invalid and void."

In the *Martin Case,* defendant was charged with the crime of murder, the information not specifying its degree. He pleaded guilty and an order was entered finding that he had pleaded guilty to the crime of murder in the first degree. No witnesses

were sworn or examined in open court for the purpose of determining the degree of the crime. After sentence, the trial judge in that case granted defendant leave to withdraw his plea of guilty and set aside the sentence. The people appealed from such determination, the action of the trial judge was affirmed, and the cause remanded for appropriate proceedings upon such plea as might thereafter be entered.

The rule in the *Martin Case, supra,* is applicable where a plea of guilty to the crime of murder is entered without specifying its degree. However, when Grillo pleaded guilty to second-degree murder, and it was determined that his plea was made freely and without undue influence, nothing else remained to be determined. There was no necessity to examine witnesses in order to determine the degree of his crime.

The rule applicable to such a situation is stated in 24 C. J. S. p. 25, § 1563, as follows:

"Under statutes in some jurisdictions, where accused pleads guilty generally to an indictment which charges an offense of which he may be guilty in one of several degrees, the court must, before passing sentence, ascertain the degree, and for such purpose must ordinarily hear evidence. If the court fails to determine the degree in such case, it is prejudicial error and the sentence is illegal and invalid, as, under a mandatory statute, it is where the court makes no examination; but, where accused pleads guilty to a certain degree of an offense, the question of degree is not for the determination of the court, and no substantial right is invaded by the court's failure to conduct a hearing for the purpose of such determination."

*State* v. *Harper,* 220 Iowa, 515 (258 N. W. 886); *Brandon* v. *Webb,* 23 Wash. (2d) 155 (160 Pac. [2d] 529); *Ex Parte Haase,* 5 Cal. App. 541 (90 Pac. 946).

Appellant further argues that notwithstanding the foregoing, such examination is necessary because manslaughter is a degree of the crime of murder.

"Manslaughter is distinguished from murder in that the element of malice, express or implied, which is the very essence of murder, is absent." 2 Gillespie, Michigan Criminal Law & Procedure, § 1381.

The statute, *supra,* on which appellant relies, does not require a determination of whether the accused is guilty of manslaughter. *People* v. *Borgetto,* 99 Mich. 336. See, also, *People* v. *Bradovich,* 305 Mich. 329, as to convictions on lesser offenses not charged in the information.

The sentence imposed is not void because of the failure of the trial court to cause a mental examination to be made pursuant to Act No. 175, chap. 6, § 15a, Pub. Acts 1927, as added by Act No. 259, Pub. Acts 1939, *supra.* We recently held in *People* v. *Mihalko,* 306 Mich. 356, that noncompliance with this statute is not reversible error and failure to comply therewith is not jurisdictional.

There being no reversible error, the judgment and sentence of the trial court are affirmed.

Sharpe, Boyles, Reid, North, Butzel, and Carr, JJ., concurred with Bushnell, C. J. Dethmers, J. concurred in the result.