## UNITED STATES v. CLARK.

### No. 17847.

United States District Court
W. D. Missouri.

April 9, 1951.

See also 10 F.R.D. 622.

Sam M. Wear, U. S. Atty., Kansas City, Mo., John H. Mitchell and Charles Mehaffy, Sp. Assts. to Atty. Gen., for plaintiff.

Trusty, Pugh & Green and S. L. Trusty, all of Kansas City, Mo., for defendant.

REEVES, Chief Judge.

Counsel for the defendant have filed a motion for reduction of sentence in the above case and have supported such motion with earnest and well worded suggestions.

Able counsel say the defendant, "Like many others, who have received less punishment, * * * was charged and tried for only one wrong—Income Tax fraud." Industrious counsel then invoke the leniency of the court, and support this plea with numerous pertinent examples where mercy and succor were properly granted. They also review the evidence, and, in doing so, summarize the testimony of individual witnesses. The motion was filed under Rule 35, Federal Rules of Criminal Procedure, 18 U.S.C.A.

The motion has been examined and the suggestions carefully studied, and the evidence of the witnesses reviewed.

1. Rule 32 of Federal Rules of Criminal Procedure provides by paragraph (c) thereof for a presentence investigation in every case unless the court directs otherwise. By subparagraph (2) of paragraph (c) it is provided that: "* * * The report of the presentence investigation shall contain * * * such information about his (the defendant's) characteristics, his financial condition and the circumstances affecting his behavior as may be helpful in imposing sentence * * *."

A presentence investigation was made in the case.

 The United States Supreme Court, in Williams v. People of State of New York, 337 U.S. 241, loc. cit. 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337, considered a statute of New York somewhat similar to the above provisions of Rule 32. In that case, notwithstanding the recommendation of the jury against a sentence of death, the court imposed the death penalty. Because of that circumstance the Supreme Court granted certiorari and then considered all of the facts in the case. In its decision the court commented upon the fact that the rules of evidence fashioned for criminal trials have the effect narrowly to confine the trial contest to evidence that is "strictly relevant to the particular offense charged." It is the object of the rules of evidence to protect an accused person from prejudicial evidence as to his prior conduct. The question before the jury is necessarily innocence or guilt in a particular case, and, as said by the Supreme Court in Williams v. New York, supra:

"A sentencing judge, however, is not confined to the narrow issue of guilt. * * *

"The belief no longer prevails that every offense in a like legal category calls for an identical punishment without regard to the past life and habits of a particular offender."

The Court of Appeals for the 6th Circuit, in Hunter v. United States, 149 F.2d 710, loc. cit. 711, followed kindred doctrine as follows: "When it rests in the discretion of the court to fix punishment, it has power to subpoena or examine witnesses or to take into consideration other evidence as to matters which may be an aggravation or mitigation of the offense, although not admissible on the issue of guilt or innocence."

2. In this case the testimony at the trial disclosed matters of aggravation in the offenses committed by the defendant. For many years he had been an important and respected officer of the United States Department of Internal Revenue at Kansas City. He was Assessor of Jackson County, Missouri, over a period of eight years. Notwithstanding these high and responsible po-sitions, he minimized even his legitimate income and evaded a tax justly due the government. Unhappily, all of his income, as disclosed both in the evidence and from the report of the probation officers, was not legitimate but a considerable part had been corruptly received.

Under such circumstances the sentences appear to be reasonable and proper and the court would not be justified in reducing them. It follows that the motion for a reduction of sentences should be and will be overruled.