STATE OF IOWA, appellee, v. LLOYD WOODSON, appellant.

No. 48266.

(Reported in 59 N.W.2d 556)

JULY 17, 1953.

REHEARING DENIED SEPTEMBER 25, 1953.

Geo. E. Flagg, of Des Moines, for appellant.

Leo A. Hoegh, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and Robert N. Johnson, County Attorney, of Fort Madison, for appellee.

WENNERSTRUM, J.—On September 5, 1952, a county attorney's information was filed in the district court of Lee County at Keokuk wherein the defendant, Lloyd Woodson, was accused of the crime of second-degree murder. It was therein alleged the defendant "* * * did murder Norman Juhl contrary to the provisions of section 690.3 of the Iowa Code of 1950, and against the peace and dignity of the State of Iowa." The defendant entered an oral plea of guilty and on the same date the trial court sentenced him to be committed to the Iowa State Penitentiary at Fort Madison, Iowa, for the term of his natural life. The defendant has appealed to this court. He is now represented by counsel other than the one who appeared for him in the proceeding in the district court.

We shall not set forth the facts upon which the murder charge is based as the appeal does not involve any of the circumstances thereof. We shall, however, set out certain facts relating

to the appellant's plea of guilty and other circumstances which have a bearing upon this appeal.

At the time the plea of guilty was entered the trial court disclosed much concern relative to the rights of the defendant. It particularly advised the appellant that the prosecution could not convict him without his confession and made inquiry whether the confession he had given was voluntarily made. The court also made several other statements relative to the rights given under the statute. A part of its questioning and comments, as well as the appellant's answers, are as follows:

"The Court: * * * Mr. Woodson, the Court has finally agreed to approve a second-degree murder charge. I want to tell you very frankly it is only because I realize that the State of Iowa couldn't convict you without your confession, because of the arrangements you have made with the County Attorney's office. * * * You were brought back here from Joliet sometime after June 23rd of this year. * * * You have been confined in the jail since that time, since you returned here sometime in the middle of June? Mr. Woodson: Yes sir.

"The Court: And part of that time, you have been held there on failure to make bond on an escape charge, is that true? Mr. Woodson: Yes, sir.

"The Court: Now, you have made a confession of this crime on August 29, 1952. That is some two months after you were brought back on the charge and approximately two months after a time when you would have been entitled to a preliminary hearing. * * * And after having been advised that your rights have been——you have not been given your full legal rights as the Court sees it, you still now want to reaffirm everything that is in that confession? You would make it just as freely now as you did on August 29th? Mr. Woodson: Yes, sir. * * *

"The Court: As you stand here now, you feel—or do you feel, rather, that there is any right to which you are entitled to under the law that has been deprived you that you now want to take advantage of? Mr. Woodson: No, sir. * * *

"The Court: The confession you made on August 29th was voluntary, free? Mr. Woodson: Yes, sir.

"The Court: There were no threats or promises or anything of that nature made to you? Mr. Woodson: No, sir.

"The Court: The only thing given to you was the recommendation that it be second-degree murder rather than first, is that right? Mr. Woodson: Yes, sir. * * *

"The Court: Let me put it this way to you. Were you ever advised by your counsel that the State of Iowa could probably not have convicted you or probably could not convict you of the crime of which you are charged either in first or second degree were it not for your confession or unless you confessed. Let me ask you that. Did you know that? Mr. Woodson: No, sir. I didn't know that, no, sir.

"The Court: Well, assuming I would tell you now that that is probably the truth, do you still want to make that confession? Mr. Woodson: Yes, sir.

"The Court: And you are positive in your own mind that you have been given all the representation that you are entitled to? Mr. Woodson: As far as I know, yes, sir. * * *

"The Court: Do you understand, Mr. Woodson, that your attorney is entering a plea of guilty to the crime of second-degree murder? Mr. Woodson: Yes, sir. * * *

"The Court: And knowing that fact, you still want to waive your time of sentence? Mr. Woodson: Yes, sir.

"The Court: Do you have anything you desire to say to the Court before sentence is pronounced? Mr. Woodson: I am sorry it happened; I didn't mean it.

"The Court: You, yourself, enter a plea of guilty? Mr. Woodson: Yes, sir.

"The Court: And also waive time——Mr. Woodson: Yes, sir. * * *."

The record submitted to us is limited to the information as filed, the minutes of the proposed testimony of witnesses in support of it and the proceeding before the trial court, a substantial portion of which we have heretofore set out. Counsel for the State in the brief filed by it refers to facts relating to incidents and circumstances that might justify the delay in the appellant being charged with the particular crime here under consideration. Reference is made to an escape charge on which

he had been held and had been arraigned. In that matter the appellant had been unable to obtain bond. These facts, as previously stated, are not a part of the record except a brief reference made to them by the trial court and we are not justified in now giving consideration to these circumstances even though they may have been known to the court.

I. The appellant contends on this appeal the trial court erred in permitting his plea of guilty to the information charging murder in the second degree. It is his contention, through his present counsel, there is a manifest error in the information in that murder in the second degree was charged and the court should have determined the degree of the crime after a hearing. It is now contended the sentence and judgment should be reversed, a hearing had and a trial held, if deemed necessary, on the issues.

There is but one crime called murder. The degrees of this offense are not distinct crimes but afford means of permitting punishment according to the gravity of the criminal act. State v. Phillips and Brooks, 118 Iowa 660, 664, 92 N.W. 876. Section 690.2, 1950 Code, defines murder in the first degree and section 690.3, 1950 Code, provides that murder committed otherwise than as set forth in section 690.2 is murder in the second degree. The Code sections which relate to the issues before us are as follows:

"690.4 Degree determined. Upon the trial of an indictment for murder, the jury, if it finds the defendant guilty, must inquire, and by its verdict ascertain and determine the degree; but if the defendant is convicted upon a plea of guilty, the court must, by the examination of witnesses, determine the degree, and in either case must enter judgment and pass sentence accordingly."

"777.12 Plea of guilty—form—entry. The plea of guilty can only be made in open court and by the defendant himself, in substantially the following form: 'The defendant pleads that he is guilty of the offense charged in the indictment', and shall be entered of record. The plea may be entered in vacation at the usual place of holding court in any county of the judicial district."

■ The appellant was charged with no more than second-degree murder. If the information was defective as now claimed by him in that he should have been charged with murder and the court on his plea of guilty should have determined the degree, he waived any objections to its substance or form by failing to demur to it and by his entry of his plea of guilty. State v. Bostwick, 244 Iowa 584, 587, 588, 57 N.W.2d 217, 219, 220, and authorities cited. See also State v. Bading, 236 Iowa 468, 17 N.W.2d 804; State v. Phillips, 212 Iowa 1332, 236 N.W. 104; State v. Sweeney, 203 Iowa 1305, 214 N.W. 735; State v. Costello, 200 Iowa 313, 202 N.W. 212. See also section 777.3, 1950 Code.

We held in State v. Fortunski, 200 Iowa 406, 407, 408, 204 N.W. 401: "Even though an information, as in the instant case, may have been found defective upon demurrer, it is not so fatal upon its face as to be open to attack after trial and judgment. * * *."

The statements made in the last cited case are particularly applicable in the instant case.

■ II. It is also claimed by appellant that the trial court erred in not holding a hearing inasmuch as it appeared from the questioning that appellant was not acquainted with his rights and his counsel was not attempting to defend him.

It must be conceded the trial court was most solicitous of the rights of the appellant and went a long way to advise him of them. The fact the court made particular reference to the possible inability of the prosecution to obtain a conviction on the confessions alone does not of itself show the appellant was not properly represented. As hereinafter noted the appellant personally pleaded guilty and reaffirmed his confession. We find no merit to his last noted contention.

■ III. The appellant was charged only with second-degree murder. However, it is claimed there should have been a hearing to determine whether the crime charged in the information was actually second-degree murder. The charge made is the lowest degree of murder, and inasmuch as first-degree murder is not claimed we see no necessity for a hearing to determine the degree of the crime. He could not have been tried or sentenced under the information filed for an offense higher than

second-degree murder. The case of State v. Martin, 243 Iowa 1323, 55 N.W.2d 258, is not here applicable. In that case the defendant was charged with "the crime of first-degree murder" and the majority opinion in that case held that under the charge as filed and the statute a hearing as to the degree should have been had. We do not have a similar situation in the present case.

The instant case is quite similar to the facts disclosed in the case of People v. Grillo, 319 Mich. 586, 589, 30 N.W.2d 284, 286. In the cited case the court commented on a previously decided case wherein a defendant was charged with murder without specifying its degree. It held a hearing was necessary on a plea of guilty to determine the degree of the offense. The Grillo case held:

"The rule in the Martin case [316 Mich. 669, 26 N.W.2d 558] is applicable where a plea of guilty to the crime of murder is entered without specifying its degree. However, when Grillo pleaded guilty to second-degree murder, and it was determined that his plea was made freely and without undue influence, nothing else remained to be determined. There was no necessity to examine witnesses in order to determine the degree of his crime."

The Michigan court also held a hearing was not necessary in order to determine whether the accused was guilty of manslaughter.

IV. It is also contended the court erred in permitting appellant's counsel to enter a plea of guilty for him. A reference to the record heretofore set forth discloses that not only appellant's counsel but the appellant himself entered a plea of guilty. It will be observed that near the close of the hearing the court inquired, "You, yourself, enter a plea of guilty?" and the appellant replied, "Yes, sir." And it will also be observed that earlier in the hearing the court questioned the appellant, "* * * you still now want to reaffirm everything that is in that confession? You would make it just as freely now as you did on August 29th?", and the appellant replied, "Yes, sir." The plea of guilty of the appellant was in substantial conformity with section 777.12, 1950 Code, which we have heretofore set forth.

We are convinced the plea of guilty as made by the appellant in open court, as well as his reaffirmance of his confession in open court, justified the trial court in accepting the plea and the imposition of the sentence entered.

We find no basis for reversal and the cause is affirmed.— Affirmed.

All JUSTICES concur.