HORACE JONES *v.* GEORGE A. CUMMINGS, WARDEN OF CONNECTICUT STATE PRISON

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 105958

Memorandum filed August 10, 1956.

*Horace Jones,* pro se.

*Bernard Kosicki,* state's attorney, of Middletown, for the respondent.

COTTER, J. On December 13, 1946, the petitioner was presented before the Superior Court in Middlesex County upon the offense of murder in the first degree in that he did wilfully, deliberately and with premeditation, shoot William Watkins, inflicting injuries from which the said Watkins died. He had been indicted by a grand jury, and upon inquiry by the clerk as to his plea of guilty or not guilty he stated, "I plead second degree." The plea of guilty to second degree murder was accepted by the court and sentence was imposed confining the accused to the Connecticut state prison for the rest of his natural life.

The present petition of habeas corpus is brought upon the ground that the court failed to comply with § 8350 of the General Statutes in that the court, in imposing sentence, did not consist of the presiding judge and two other judges, and for the further reason that no witnesses were heard and the degree of the crime determined by a majority of the judges. This section sets up the two degrees of murder, first and second, and in the first portion thereof describes what constitutes first degree murder and states that "all other kinds of murder shall be murder in the second degree," and then continues: " . . . and, if he shall be convicted by confession, the court, to be composed of the judge presiding at the session and two other judges to be designated by the chief justice of the supreme court of errors, shall hear the witnesses in such case, and such judges, or a majority of them, shall determine the degree of the crime and render judgment and impose sentence accordingly."

While no Connecticut case has been found interpreting this statute, such a statute directing the court to determine the degree of the crime upon confession is found in a number of states, including California, Iowa, Michigan, Nevada, Ohio, Pennsylvania and Washington. Such a proceeding to determine the degree of a crime where the defendant has pleaded guilty is proper and valid. *Hallinger* v. *Davis,* 146 U.S. 314.

Where an accused has pleaded guilty to second degree murder, it has been held in a number of jurisdictions that the question of degree is not involved and since it is not an issue in the case there is no reason for the court to hear witnesses, determine the degree, render judgment and impose sentence accordingly, as required by the statute. If the plea is made freely and without undue influence, nothing else remains to be determined and there is no neces-

sity to examine witnesses. *People* v. *Grillo,* 319 Mich. 586; *In re Brandon* v. *Webb,* 23 Wash. 2d 155; *State* v. *Woodson,* 244 Iowa 1262; *State* v. *Bruntlett,* 240 Iowa 338; *Hunter* v. *United States,* 149 F.2d 710, cert. denied, 326 U.S. 787, rehearing denied, 327 U.S. 814.

It has been said that since the plea of guilty to second degree murder is to the lowest degree of murder and inasmuch as first degree murder was not claimed, there can be no necessity for a hearing to determine the degree of a crime. *State* v. *Woodson,* supra.

In a case such as this, where the accused has pleaded to an offense, namely, second degree murder, there is no invasion of a substantial right in failing to proceed with a hearing as set out in the statute. *Hunter* v. *United States,* supra; *People* v. *Martin,* 78 Cal. App. 2d 340; *People* v. *Mendietta,* 101 Cal. App. 2d 788; *People* v. *Stack,* 391 Ill. 15, cert. denied, 326 U.S. 792; *State* v. *Woodson,* supra.

"Such a plea is a confession of guilt and is equivalent to a conviction, leaving no issue for the jury, except in those instances where the extent of the punishment is to be imposed or found by the jury. By pleading guilty the defendant admits the acts well pleaded in the charge, waives all defenses other than that the indictment or information charges no offense, and waives the right to trial and the incidents thereof. 22 C.J.S., Criminal Law, § 424; 14 Am. Jur. 952, Criminal Law, § 272." *In re Brandon* v. *Webb,* 23 Wash. 2d 155, 160; 34 A.L.R.2d 919, 926; 24 C.J.S. 23, § 1563, and Ann. Cum. Sup. n.30.

In view of the above authorities, it would appear that the court in the proceedings and under the plea which was taken acted reasonably, legally and properly. Even though it might be argued that the court did not follow the prescribed procedure, the

failure to determine the degree of an offense would only invalidate the sentence but not the conviction. *People* v. *Harding,* 116 Cal. App. 2d 65; *In re Stroff,* 132 Cal. App. 351.

The petition for writ of habeas corpus is dismissed.