Louis MOORER, Petitioner,

v.

STATE OF SOUTH CAROLINA and Ellis C. MacDougall, Director, South Carolina State Board of Corrections, Respondents.

Civ. A. No. AC–1583.

United States District Court
E. D. South Carolina,
Columbia Division.
March 12, 1965.

Matthew J. Perry, Columbia, S. C., F. Henderson Moore, and Benjamin L. Cook, Jr., Charleston, S. C., for petitioner.

Daniel R. McLeod, Atty. Gen. for State of South Carolina and Edward B. Latimer, Asst. Atty. Gen. for State of South Carolina, for respondents.

HEMPHILL, Chief Judge.

Petitioner Louis Moorer applied to this Court for a Stay of Execution and for a Writ of Habeas Corpus, he at the time awaiting death by electrocution pursuant to sentence imposed upon him by the Court of General Sessions for Dorchester County, South Carolina, on April 4, 1962.[1] The requested Stay of Execution was granted in accordance with Title 28 U.S.C. § 2251 and a hearing scheduled and had on the application for the Great Writ.

Several of the allegations in the petition for writ of habeas corpus have been raised during various stages of the proceedings against petitioner in the Courts of the State of South Carolina and have been decided by the Supreme Court of South Carolina. Moorer v. State of South Carolina, 244 S.C. 102, 135 S.E.2d 713. Other allegations contained in the amended petition for writ of habeas corpus are as follows: (1) That the statute under which petitioner was convicted, to wit: Section 16–71, Code of Laws of South Carolina for 1962, is unconstitutionally vague upon its face and as applied under the circumstances of petitioner's case; (2) That petitioner has been deprived of due process of law in that he was convicted without evidence of every essential element of the crime charged; (3) That the sentence of death imposed by the Court pursuant to Section 16–72, Code of Laws of South Carolina for 1962, is, upon its face and as applied to petitioner, in violation of the Eighth and Fourteenth Amendments to the United States Constitution; (4) That the sentence of death imposed upon him violates the Fourteenth Amendment because the evidence is that over a long period of years, the death penalty has been discriminatorily applied in South Carolina, being reserved almost exclusively for Negroes convicted of raping white women; and (5) Petitioner has been deprived of due process of law because the trial court allowed several witnesses to testify in the presence of the jury that a voluntary statement had been taken from petitioner soon after his arrest which testimony was highly prejudicial to petitioner since it strongly suggested that petitioner had voluntarily confessed and the issue of the admissibility of a confession must be decided before trial by the Court and out of the presence of a jury.

Petitioner filed an amended petition on March 10, 1965 which stated:

"Since these grounds as set forth in the amended petition for writ of habeas corpus were at no time presented to the Courts of South Carolina there may be some question concerning whether petitioner has exhausted his State judicial remedies. Petitioner desires to remove any doubt concerning the question of exhaustion of state remedies by filing a new petition for writ of habeas corpus in the Court of Common Pleas for Richland County, South Carolina, setting forth the new matters raised in the amended petition for writ of habeas corpus, provided the same meets with the approval of this

1. See State v. Moorer, 241 S.C. 487, 129 S.E.2d 330.

Court, and, during which time this Court might suspend further consideration of the matters and things alleged in the amended petition for writ of habeas corpus here.

"Petitioner desires that the jurisdiction which this Court has by reason of the filing of the petition for writ of habeas corpus be retained and that the Order entered by this Court on December 1, 1964, staying petitioner's sentence of death, continue in effect pending exhaustion by petitioner of the remedies available to him by reason of the filing of a new petition for writ of habeas corpus in the Courts in the State of South Carolina."

As Chief Judge Craven noted in Threatt v. State of North Carolina, 221 F.Supp. 858, 860 (W.D.N.C. 1963): "In habeas corpus proceedings, the district judge is not limited to a simple remand or discharge of the prisoner, but he may dispose of the party as law and justice require."

With that thought in mind, and with what this Court feels is an appropriate exercise of its discretion, particularly in the interest of orderly State-Federal relations, see Williams v. State of South Carolina, 237 F.Supp. 360, 367 (E.D.S.C. 1965), this Court will suspend further consideration of petitioner's application filed in this Court pending exhaustion by petitioner of the State judicial remedy available to him by the filing of a petition for a writ of habeas corpus in the Court of Common Pleas for Richland County, South Carolina.

The Court feels constrained to note that justice can be better served, and respect for law better maintained, if all the issues involving any given matter are adjudicated in a single forum. This thought seems particularly apropos in the area of habeas corpus. The prevalence of repetition, the bringing before the Federal forum of issues to which a State Court has given full hearing and judicial determination, is now usual rather than unusual. Apparently this Court has

to consider, and consider it does, but the result is that others having a right to the forum, and a decision therein, are delayed in receiving a hearing.

The Stay of Execution shall continue only until the parties shall have had opportunity to show cause, if cause they have, why said stay should not be set aside and this Court's jurisdiction relinquished. Accordingly the counsel shall appear before me at Chambers, Columbia, South Carolina, at 11:00 A.M. Wednesday, March 31, 1965.

And it is so ordered.