Edward J. FARRANT, Petitioner,

v.

John E. BENNETT, Warden, Iowa State
Penitentiary, Fort Madison, Iowa,
Respondent.

Civ. No. 6-1750-C-1.

United States District Court
S. D. Iowa,
Central Division.

Jan. 12, 1966.

Joseph Z. Marks, Norman G. Jesse, Des Moines, Iowa, Edward J. Farrant, pro se., for petitioner.

Lawrence F. Scalise, Atty. Gen. of Iowa, by Don R. Bennett, Asst. Atty. Gen., for respondent.

STEPHENSON, Chief Judge.

■■ On June 30, 1965, the United States Court of Appeals for the Eighth Circuit determined that the petitioner, Edward J. Farrant, should be granted a hearing on his allegation relating to the procedure under which he was sentenced and on the question of whether he had effective assistance of counsel at the time he was sentenced.[1] Farrant v. Bennett, 347 F.2d 390 (8th Cir. 1965). Due to petitioner's request that proceedings be stayed pending his appeal to the Supreme Court of an issue decided adversely to him in the Court of Appeals, this matter did not come on for hearing before this Court until December 10, 1965.[2] In addition to the two issues specified by the Court of Appeals, the petitioner was given an opportunity to question the validity of the indictment returned against him. The petitioner has alleged that the law of the State of Iowa was not complied with in the selection and swearing in of the Grand Jury that indicted him. The petitioner thus urges that the indictment to which he pled guilty is void. The only evidence relating to this issue which was presented were certified copies of the indictment against the petitioner and Ray Kinney,[3] the order to draw the Grand Jury that returned that indictment, and the page of the district court journal showing the impanelling of that Grand Jury. After examining these documents, this Court can find nothing to support petitioner's allegation that the indictment to which he pled guilty was void. No relief can therefore be afforded petitioner on the basis of this unsupported contention. Moreover, it appears that after conviction upon a plea of guilty, a sentence is not subject to collateral attack on the ground that the indictment on which it was based was defective unless it appears that the circumstances are exceptional. Barnes v. United States, 197 F. 2d 271 (8th Cir. 1952); Keto v. United States, 189 F.2d 247, 251 (8th Cir. 1951). No such showing has here been made.

■ Petitioner further alleges that he was denied the effective assistance of counsel at the time he was sentenced. On January 16, 1933, the petitioner pleaded guilty to the indictment which had been returned against both him and Ray Kinney on December 29, 1932.[4] There

1. The petitioner, Edward J. Farrant, was sentenced to life imprisonment in the Iowa State Penitentiary on February 6, 1933. After having his sentence commuted to ninety years on December 19, 1961, the petitioner was granted a parole in July, 1962, and was placed under the supervision of the Illinois Board of Parole. On November 4, 1962, he was sentenced by an Illinois Court to ninety days in jail for making alcoholic beverages available to minors. After serving this sentence, petitioner was returned to the Iowa State Penitentiary on February 9, 1963, for violation of the terms of his parole.

2. An able and experienced attorney, Philip H. Cless, was appointed to represent the petitioner in all matters pertaining to this action; he was subsequently relieved of this appointment by the Court because of the limitations Mr. Farrant desired to place upon his attorney's conduct of the case. Consequently, the petitioner appeared at the hearing as his own counsel. He was assisted by two members of the bar of this Court, Mr. Joseph Z. Marks and Mr. Norman G. Jesse. Evidence in this matter was taken on December 10, 13 and 16. The parties were granted additional time in which to file briefs.

3. The indictment returned on December 29, 1932 was a joint indictment against both Ed J. Farrant and Ray Kinney. The significance of the fact that this was a joint indictment will be discussed at another point. The original files pertaining to this matter appear to have disappeared.

4. The petitioner originally entered a plea of not guilty on December 31, 1932, to the indictment charging him with murder. Ray Kinney entered the same plea on January 3, 1933. Unlike Farrant, however, Kinney did not subsequently change his plea and was brought to trial on January 17, 1933. The jury returned a verdict of guilty on January 21 and found that Ray Kinney should be imprisoned for life.

is apparently no transcript of what was said in open court when petitioner entered his plea of guilty. Judge Alan A. Herrick, the presiding judge at all proceedings after January 1, 1933, involving either Edward J. Farrant or Ray Kinney, was available and testified at the instant hearing. Judge Herrick testified that the petitioner entered his plea of guilty through his counsel, William Shuey, and that at the time of the entry of this plea the petitioner had been advised of the consequences and import of his plea of guilty, including the penalties applicable. Judge Herrick further testified he was reluctant to pass sentence on petitioner until he heard the facts developed in the trial of Ray Kinney (which commenced the next day). Sentencing was therefore postponed until after the Kinney trial at which time petitioner was again afforded the opportunity to change his plea of guilty and stand trial. Based on this evidence, the Court is satisfied that the petitioner was afforded due process of law in connection with the entry of his plea of guilty. The petitioner's claim that he was denied effective assistance of counsel, however, primarily concerns what took place after his plea of guilty was entered. This necessarily involves a determination of the petitioner's contention that after the entry of his plea of guilty there was no hearing to ascertain whether he was guilty of first degree murder, second degree murder, or manslaughter.[5]

The Iowa law provided in 1933, as it does today, that if a defendant is convicted of murder upon his plea of guilty, the court must determine the degree of guilt by an examination of witnesses.[6] It is the contention of the petitioner that he was not afforded such a hearing.

Petitioner was sentenced to life imprisonment on February 6, 1933. The District Court held a brief hearing prior to the pronouncement of its sentence. A transcript of that proceeding was introduced into evidence at the hearing before this Court. The only witness testifying at this proceeding was Mrs. Anna Farrant, the petitioner's mother. Her testimony was in no manner related to the question of the degree of murder the petitioner had committed. Since there is no evidence that any other hearing relating to this matter was ever conducted, this Court finds that the petitioner was not given a formal hearing as to the degree of murder of which he was guilty. The absence of such a hearing indicates that the petitioner was not afforded the effective assistance of counsel at the time he was sentenced. It is the respondent's contention, however, that under the circumstances it was unnecessary to conduct a formal hearing on the degree of murder of which petitioner was guilty and that the absence of such a hearing did not deprive the petitioner of due process of law.

██ The first part of respondent's contention is premised upon the fact that Judge Herrick was the presiding judge at the trial of Ray Kinney, the individual with whom the petitioner was indicted for murder.[7] Since this trial took place

---

5. Although the Iowa Code defines murder as the killing of any human being with "malice aforethought, either express or implied," Iowa Code § 690.1 (1962), the Supreme Court of Iowa has concluded that an indictment for murder charges a defendant with first degree murder, second degree murder and manslaughter. State v. Martin, 243 Iowa 1323, 1330–1331, 55 N.W.2d 258, 34 A.L.R.2d 904 (1952); Compare with State v. Woodson, 244 Iowa 1262, 59 N.W.2d 556 (1953)

wherein there is some indication that a plea of guilty to second degree murder does not require a hearing as to the possibility of the crime being manslaughter.

6. In 1933, the statute involved herein was embodied in Chapter 559, § 12913, Code of Iowa (1931). At the present time this section may be found in Iowa Code, § 690.4 (1962).

7. See note 4, supra.

before the petitioner was sentenced to life imprisonment by Judge Herrick, respondent contends that the judge was fully aware of all the circumstances surrounding the crime at the time he passed sentence on the petitioner and, therefore, a formal hearing to determine the degree of guilt was unnecessary. The Iowa cases which have interpreted the statutory provision providing for a hearing on the degree of guilt do not support the respondent's position. The clear import of these cases is that the defendant himself must be given an opportunity to be heard and to offer evidence. State v. Kelley, 253 Iowa 1314, 115 N.W.2d 184 (1962). In fact, the duty to hold a hearing is mandatory, and it cannot be waived by the defendant. State v. Martin, 243 Iowa 1323, 55 N.W.2d 258 (1952). Thus, it must be concluded that the petitioner was not afforded a hearing to determine his degree of guilt within the meaning and intent of Chapter 559, § 12913 of the Iowa Code (1931). In the past, it was clearly established under Iowa law that while the failure to have such a hearing furnished grounds for reversible error on direct appeal, a failure to conduct the hearing furnished no ground for relief under a writ of habeas corpus. McCormick v. Hollowell, 215 Iowa 638, 246 N.W. 612 (1933). However, it is now clear under the teachings of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) that petitioner's failure to timely appeal his conviction and sentence to the Supreme Court of Iowa upon the ground that he was denied due process of law, as herein urged, is not a bar to relief in this Court. Farrant v. Bennett, 347 F.2d 390 (8th Cir. 1965). There is nothing in the record to indicate petitioner intelligently waived his right to appeal or deliberately

by-passed orderly procedure of the state court. The remaining question is whether the failure to give petitioner a hearing on his degree of guilt deprived him of due process of law.

■ The United States Supreme Court has held that, "[a]s applied to a criminal trial, denial of due process is the failure to observe that fundamental fairness essential to the very concept of justice." Lisenba v. People of State of California, 314 U.S. 219, 236, 62 S.Ct. 280, 290, 86 L.Ed. 166 (1941). The punishment provided by Iowa law for first degree murder and that provided for second degree murder or manslaughter vary considerably.[8] By denying the petitioner an opportunity to have a hearing as to the degree of murder and to present evidence indicating that he was guilty of second degree murder or manslaughter rather than first degree murder, the state deprived him of that fundamental fairness which is implicit in due process of law. Moreover, it has been held by the Iowa Supreme Court that in a capital case "when any substantial right of the defendant is transgressed, prejudice will be presumed." State v. Martin, supra at 1334, 55 N.W.2d at 264. The petitioner must therefore be given appropriate relief by this Court.

■ It appears to be well recognized that under 28 U.S.C. § 2243 (1958) a federal district judge conducting habeas corpus proceedings is not limited to a simple remand or discharge of the prisoner seeking the writ, but may dispose of the matter as law and justice require. See, e. g., Jackson v. Denno, 378 U.S. 368, 391–396, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); Dowd v. United States ex rel. Cook, 340 U.S. 206, 210,

8. Prior to 1965, first degree murder in Iowa was punished by death or imprisonment for life at hard labor in the penitentiary. Iowa Code § 690.2 (1962)*. (Capital punishment in Iowa was abolished by the Sixty-first General Assembly in 1965. Iowa Acts 1965, 61st G.A. at 10). Second degree murder in Iowa is punished by imprisonment in the penitentiary for life or for a term of not less than ten years. Iowa Code § 690.3 (1962)*. Manslaughter is punished by imprisonment for a period not exceeding eight years. Iowa Code § 690.10 (1962)*. (* same provisions existed in 1933).

71 S.Ct. 262, 95 L.Ed. 215 (1951); Moorer v. State of South Carolina, 239 F. Supp. 180, 182 (E.D.S.C.1965); Robertson v. Cameron, 224 F.Supp. 60, 66 (D. D.C.1963); Thompson v. Cavell, 158 F. Supp. 19, 21 (W.D.Pa.1957). This Court has determined the petitioner was denied due process of law when, after a plea of guilty was entered, the state failed to afford the petitioner a hearing to determine whether he was guilty of first degree murder, second degree murder or manslaughter. The petitioner strongly urges that because the crime involved herein occurred thirty-three years ago it is not now possible to conduct such a hearing consistent with the requirements of due process. See United States v. Chase, 135 F.Supp. 230 (D.C.Ill.1955). This court, however, is not in a position to determine whether the petitioner can be granted a hearing consistent with constitutional demands. The Court cannot summarily conclude that the witnesses necessary for such a hearing are not available or that they would be unable to testify accurately concerning relevant matters.[9] The mere elapse of thirty-three years does not conclusively establish that the petitioner cannot now be granted a hearing consistent with the requirements of due process.[10] It is therefore the conclusion of this Court that the ends of justice and law can best be attained in this matter by remanding this cause to the District Court of the State of Iowa, in and for Polk County for a hearing consistent with this opinion.[11]

The Court wishes to express its gratitude to attorneys Joseph Z. Marks and Norman G. Jesse for services gratuitously rendered to the petitioner and to this Court in the holding of the hearing herein and the submission of briefs.

---

9. Respondent attempted to offer evidence concerning the degree of murder in the present proceedings. Petitioner objected on the grounds that said evidence was immaterial to the issue of due process. Petitioner's objection was sustained.

10. In connection with the availability of witnesses, it should be noted that the sentencing judge, Alan A. Herrick, and the arresting officer, George Cessna, were available and testified in the present proceeding.

11. See Chessman v. Teets, 354 U.S. 156, 165–166, 77 S.Ct. 1127, 1 L.Ed.2d 1253 (1957).