## PEOPLE *v.* MIDDLETON

1. HOMICIDE—MURDER—DEGREE OF MURDER—OPEN CHARGE—PLEA OF GUILTY.

   The trial court must only decide whether defendant's guilt was that of first- or second-degree murder where the defendant tenders his plea of guilty to an open charge of murder (MCLA § 750.318).

2. HOMICIDE—MURDER—DEGREE OF MURDER—PLEA OF GUILTY—STATUTES.

   The statute providing for determination of the degree of murder on the taking of a guilty plea does not impose an affirmative duty on the trial court to inquire whether a defendant who pleads guilty to a charge of murder is instead guilty to the lesser included offense of manslaughter (MCLA § 750.318).

3. HOMICIDE — MURDER — PLEA OF GUILTY — EVIDENCE — MANSLAUGHTER.

   Acceptance of defendant's plea of guilty to the charge of murder, where the evidence revealed that the defendant was guilty at most of only manslaughter, would be error.

Appeal from Oakland, William R. Beasley, J. Submitted Division 2 February 4, 1970, at Lansing. (Docket No. 7,564.) Decided March 26, 1970.

---

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 40 Am Jur 2d, Homicide §§ 470, 471.

Robert Leonard Middleton was convicted, on his plea of guilty, of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, *Dennis Donohue,* Chief Appellate Counsel, and *Edward Sosnick,* Assistant Prosecuting Attorney, for the people.

*Alan W. Stevenson,* for defendant on appeal.

Before: LESINSKI, C. J., and McGREGOR and V. J. BRENNAN, JJ.

V. J. BRENNAN, J. On November 26, 1968, defendant, Robert Middleton, while in the presence of appointed counsel, tendered a plea of guilty to an open charge of murder and requested the trial court to determine the degree, whether first or second, pursuant to MCLA § 750.318 (Stat Ann 1954 Rev § 28.550). The trial court heard the testimony of three prosecution witnesses and the defendant, found the defendant guilty of murder in the second degree,* and sentenced him to life imprisonment. The defendant now appeals as of right, contending (1) that the inquiry before the trial court should not have been whether his guilt was that of first-degree murder or second-degree murder, but rather whether it was that of second-degree murder or manslaughter, and (2) that the evidence sustains a finding of manslaughter but not second-degree murder. Neither of these contentions is of merit, and we affirm.

---

* MCLA § 750.317 (Stat Ann 1954 Rev § 28.549).

MCLA § 750.318 provides in part:

"The jury before whom any person indicted for murder shall be tried shall, if they find such person guilty thereof, ascertain in their verdict, whether it be murder of the first or second degree; but, if such person shall be convicted by confession, the court shall proceed by examination of witnesses to determine the degree of the crime, and shall render judgment accordingly."

By tendering his plea of guilty to the open charge, the defendant confessed guilt of murder and thereby left only one question for the court, whether his guilt was that of first- or second-degree murder. The statute does not impose an affirmative duty on the trial court to inquire whether a defendant who pleads guilty of murder is instead guilty of the lesser, included offense of manslaughter. In *People* v. *Grillo* (1948), 319 Mich 586, the defendant contended that the trial court erred by not conducting the statutory examination upon his pleading guilty of second-degree murder, because manslaughter is a lesser, included offense, and therefore, he argued, a degree of the crime of murder. The Supreme Court rejected his contention, saying, at p 590:

" 'Manslaughter is distinguished from murder in that the element of malice, express or implied, which is the very essence of murder, is absent.' 2 Gillespie, Michigan Criminal Law & Procedure, § 1381.

"The statute, *supra,* on which appellant relies, does not require a determination of whether the accused is guilty of manslaughter. *People* v. *Borgetto* (1894), 99 Mich 336. See, also, *People* v. *Bradovich* (1943), 305 Mich 329, as to convictions on lesser offenses not charged in the information."

To conclude, the only question to be resolved upon a plea of guilty to an open charge of murder is whether the accused's guilt is of the first or second

degree. Of course, should the evidence reveal that the accused is guilty at most of manslaughter, the trial court would be in error to accept a plea of guilty of murder.

Defendant's contention that he is guilty at most of manslaughter is based on his account of the killing. It overlooks the testimony of the three witnesses for the prosecution. We have reviewed the record, and this testimony amply supports the trial court's finding.

Affirmed.

All concurred.